## PARKER v. MUTUAL LIFE INS. CO.

Ohio Appeals, 6th Dist., Huron Co.

No. 202.  Decided Nov. 23, 1925

647.  INSURANCE—A recital in insurance policy acknowledging receipt of a premium is not conclusive evidence of payment.

1024.  RES GESTAE—Legitimate evidence in regard to what transpired at time of application for policy and when it was left with insured is part of the res gestae; and any statements made at such time would be admissible in evidence.

WILLIAMS, J.

Veda Parker, as beneficiary in a life insurance policy issued by the Mutual Life Insurance Co. to her husband, Claude Parker, brought an action in the Huron Common Pleas, to recover double indemnity of $10,000 for the accidental death of her husband.

The policy contained a recital acknowledging receipt of the premium and a provision that the policy should not become effective until the first premium is paid during the life of the insured. The Insurance Co. claimed that the premium had not been paid; that its agent left the policy with the insured a few days before his death. Mrs. Parker insisted that the premium was paid.

The Insurance Co. recovered a judgment in the court below and Parker proceeded in the Court of Appeals on the ground that the court below committed error in submitting to the jury the question as to whether or not the premium was paid, it being Parker's contention that the recital in the policy was conclusive. Another error assigned was that of permitting the agent of the Insurance Company to testify. The Court of Appeals held:

1. The recital in the policy acknowledging receipt of a premium cannot be considered conclusive as against the Insurance Company, and the question was therefore properly submitted to the jury. Insurance Co. v. Harvey, 72 OS. 174.

2. As the issue in this case was whether or not payment of the first premium had been made, the legitimate evidence in regard thereto was what transpired at the time the application was taken and the policy left with the decedent; and any statements made at such time would be part of the res gestae and admissible in evidence.

3. It was claimed that the trial judge was guilty of misconduct in interfering with argument of consel, who used the following language in the opening argument: "And we believe that the recital of payment in the policy is payment."

## STATE COURT OF APPEALS—Continued

4. The court thereupon instructed the jury that payment was necessary and asked counsel to desist from that line of argument. As payment was properly an issue, Parker's counsel had no right to argue that the recital of payment in the policy was conclusive.

5. No error was committed by the Common Pleas in permitting the agent to testify against Veda Parker, who in her action was claiming as a beneficiary and not as a guardian, trustee, executrix or administratrix of her husband; not being therefore within the provision of Section 11495 GC.

Judgment affirmed.

Attorneys—Rowley and Carpenter, Norwalk, and E. M. Palmer, Cleveland, for Parker; G. Ray Craig, Norwalk, and Squire, Sanders and Dempsey, Cleveland, for Insurance Co.