### HOEFNER v KORACH et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10644.  Decided May 26, 1930

Geiger & Williams, Cleveland, for Hoefner.

Henry Newhauser, Cleveland, for Korach, et.

### VICKERY, PJ

We have gone over this record, heard the arguments of counsel and their statements of fact, and we can come to no other conclusion but that the court below reached a just conclusion.  We think that he decided the case rightly and we can do no better than to enter the same judgment and decree in this court.

The section above referred to seems to give the court discretionary power to settle the costs in accordance with the equities and to do justice and right to both parties. Applying that doctrine to the instant case, we find that when this partition suit was brought Korach had a quitclaim deed to the one-half interest that belonged to the

husband, but the wife had not joined in that deed. Therefore, she had a dower interest in the husband's one-half interest in that property and Hoefner had a dower interest in the wife's one-half interest. Now when the partition was made and this property was equally divided, Korach got a one-half of the property set off to him by metes and bounds, in which the interest of the wife was divested, and he having only paid $150 for the property subject to the dower interest of Mrs. Hoefner, in equity and justice the court should have assessed the costs against him, if the property was worth what they say it is. Furthermore the husband was about to bring suit against his wife and for some purpose wished to divest himself of the title and Korach took it at a price less than its real value, but subject to the dower interest of the wife, and inasmuch as upon partition he got one-half of the property free and clear from her dower, it was only right that the costs should be assessed against him.

The court having this matter before him and knowing all the facts in the case, properly, we think, ordered the costs to be paid by the defendant Korach and the journal entry that was drawn provided that the attorney's fee which the court had the power to assess should be assessed as a part of the costs, and that could be rightly ordered paid by the defendant.

We cannot help but come to the same conclusion in this case that Judge Kennedy came to and, therefore, there will be a decree the same as in the court below. O. S. J.

Sullivan and Levine, JJ, concur.