## WALTER BRICK & CLAY PRODUCTS CO, INC v COCHRAN, Exr, Etc, et

Ohio Appeals, 9th Dist, Summit Co

No 2297. Decided June 19, 1934

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Myers, Dinsmore & Whittemore, Akron, for defendant in error Howard C. Cochran, Exr., etc.

D. L. Van Buskirk, Akron, for defendant in error The Van Buskirk Construction Co.

**OPINION**

By FUNK, J.

The liability of Mrs. Cochran's estate depends upon whether said contract, and the manner in which it was carried out, constituted a joint adventure or partnership between Mrs. Cochran and the construction company, or merely a plain building contract.

Counsel for plaintiff in error contend that said contract constituted a partnership or a joint adventure, and that Mrs. Cochran was thus liable in either event for the contracts of the construction company in the building of said house.

Counsel for Mrs. Cochran's estate claim that it was only a plain building contract, and that she was thus not liable as on an open account, in the absence of a properly perfected mechanic's lien.

We are clearly of the opinion that said contract is more than a plain building contract, and that it is in the nature of a "joint adventure," which has been aptly defined as a "special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation." (33 C. J., "Joint Adventures," §1, p. 841, quoting Schouler Pers. Prop. (5th ed.), §167a).

The definition of a joint adventure has been variously stated by the courts of the several states. A definition as all-inclusive and simple as any is that it is "an association of two or more persons to carry out a single business enterprise for profit." (30 O. Jur., "Partnership," §32, p. 1014).

However, under any definition there is mutual agency, profit sharing, and fiduciary relationship between the associates of a joint adventure.

The rule is well settled that contracts for the purchase of material used in carrying out the business of a joint adventure, although made by one member only, are enforceable against all of the members for the full amount of the contract price, where the contracting member has not exceeded his authority. (33 C. J., "Joint Adventures," §99, pp. 871-872).

This rule is recognized by counsel for Mrs. Cochran's estate on page 3 of their brief, at which place they say: "A party to a joint enterprise is not an agent for the other parties thereto except according to the terms of their agreement." There is no claim in the instant case that the house and garage were not built according to said contract and the plans and specifications provided for therein, or that the construction company exceeded the terms of the agreement in any way.

Applying these rules to the contract between Mrs. Cochran and the construction company, is the estate of Mrs. Cochran liable for the debt owing to plaintiff? That is, does the contract show the relationship of principle and agent between Mrs. Cochran and the construction company on a profit-and-loss-sharing basis, so that Mrs. Cochran is responsible for the contracts of the construction company in carrying out their joint undertaking? We think that it does.

It will be noted that the contract provided, in substance, simply this: that Mrs. Cochran furnish the lot at a fixed price for the joint benefit of the parties; that the construction company was authorized to purchase the labor and material that went into the house and garage for their joint benefit; that Mrs. Cochran was authorized to procure a first mortgage on the premises and apply the proceeds thereof on the labor and material purchased by the construction company for the construction of the house as set forth in the contract, until the money so obtained was exhausted, and that the balance of the money necessary to

pay the cost of completing the house was to "be furnished by the parties equally"; and that Mrs. Cochran was to keep the premises free from liens—which, of course, meant that she was to pay for all labor and material contracted for by the construction company for their joint benefit.

The contract further provided that Mrs. Cochran could, if she so desired, "pay all bills of materialmen or subcontractors direct" which the construction company contracted for on behalf of their joint undertaking.

It will be further noted that each party had authority to sell the premises, and if either party sold them, no commission was to be charged, and that any profit either party made from any item entering into the cost of the building was to be held in trust for their joint benefit.

The record further shows that Mrs. Cochran obtained a loan of $3800, secured by first mortgage, on the premises, which was paid out on her order by the agent of the mortgagee under the terms of the contract; that said amount did not pay all the bills for the construction of said house and garage, and that there was a deficiency of about $1003 owing to a number of different persons for labor and material; that some of them perfected mechanic's liens on the premises in question and some did not; and that Mrs. Cochran paid some of the creditors who took liens and some who did not.

The record further discloses that when a representative of plaintiff brick company called upon Mrs. Cochran to ascertain why plaintiff company had not been paid, she said that plaintiff's account had been checked and found correct, but that they had not paid it because they had not straightened out the matter of painting with the construction company," and that said representative then said that "the lien period would shortly expire," and Mrs. Cochran, in reply to him, said "we need not worry, that we would get our money on the account as soon as it was straightened out."

This testimony was competent under authority of **Milling Co. v Bunn, 75 Oh St 270; Powell v Powell, 78 Oh St 331; Vulcan Corp. v Hanzel, 37 Oh Ap 75 (8 Abs 442)**; and **Parker v Mutual Life Ins. Co., 23 Oh Ap 535 (3 Abs 749).**

It will be further noted that there is no claim that the construction company was not acting within the scope of its authority in any way whatsoever when it purchased the material in question.

It thus clearly appears from the face of the contract itself that each of the parties thereto had authority to bind the other in the respective things which the contract provided that each was to do and which went to make up the total cost of the premises for the purpose of computing profits, if any were realized from the sale of the premises as a whole. There can be no question but that the undertaking was on a profit-and-loss-sharing basis, and that a fiduciary relationship existed between said parties.

We therefore hold that the construction company was acting for the joint benefit of the company and Mrs. Cochran in furnishing the plans and specifications, the labor and the material for the construction of the house and garage on her lot; that the contract of the construction company for the materials in question was binding on both of said parties; and that Mrs. Cochran's estate is liable to plaintiff for the full amount thereof.

It being admitted that said contract (plaintiff's exhibit 1) was entered into, that the material sued for was furnished and used in the construction of said house and garage and that the amount due is correct, and there being no claim that the construction company was not acting within the scope of its authority in every way in the purchase of the material sued for, it leaves the construction of said contract a question of law to be determined by the court; and having found that the contract created a joint adventure between Mrs. Cochran and said construction company, this court must render the judgment the trial court should have rendered, and an entry may be prepared reversing the judgment of the trial court as to the liability of the estate of Mrs. Cochran for the amount sued for, and final judgment entered against her estate therefor, and for all costs except the costs in case No. 1927 in this court, in which the judgment of the trial court against her estate was reversed and the cause remanded for further proceedings according to law.

WASHBURN, PJ, and STEVENS, J, concur in judgment.