FOUREMAN, et Plaintiffs-Appellees, v. FOUREMAN, Defendant-Appellant.

Ohio Appeals, Second District, Darke County.

No. 656. Decided December 10, 1947.

T. A. Billingsley, Greenville, Floyd D. Smith, Greenville, for plaintiffs-appellees.

Walter F. Rhynard, Greenville, for defendant-appellant.

## OPINION

By WISEMAN, PJ.:

This is an appeal on law from the judgment of the Common Pleas Court of Darke County, Ohio, ordering distribution of the proceeds derived from the sale of a farm on partition. The court in the order of distribution allowed fees to counsel for the plaintiffs but failed to allow fees to counsel for the defendant.

The record shows that prior to the filing of the order of distribution, the defendant-appellant filed a motion requesting the court to award compensation to counsel for the defendant. The motion was overruled. The entry overruling the motion states that counsel for defendant proffered testimony which was rejected by the court. The record is silent as to the character of the proffered testimony. Thereupon the defendant filed a motion requesting the court to render a special finding of fact and conclusions of law, which was overruled. After the order of distribution was filed, defendant filed a motion for new trial, enumerating nine grounds, which was overruled.

The notice of appeal states in substance that the defendant appeals: From the order rejecting defendant's proffered testimony and overruling defendant's motion to permit his attorney to participate in the award of attorney fees; from the order dismissing defendant's motion requesting a separate finding of fact and conclusions of law; and, from the order allowing attorneys for plaintiffs Three Thousand Dollars as compensation for legal services.

In his assignments of error the defendant contends that the court erred: In overruling the motion of defendant to allow counsel for defendant a reasonable portion of the attorney fees allowed; in rejecting the testimony proffered by the defendant; in overruling the defendant's motion for a separate finding of fact and conclusions of law; in refusing to answer the interrogatory attached to the motion; in allowing the attorneys for the plaintiffs the sum of Three Thousand Dollars as fees for services rendered which are claimed to be unreason-

able and exhorbitant; in failing to tax the costs equitably; other errors apparent on the face of the record.

The action involved partition of a valuable piece of real estate and the construction of a will. The record is replete with motions, demurrers, and amendments of the pleadings. The litigation was protracted and numerous legal questions were raised. An appeal was taken to this court where the contention of the plaintiffs was sustained. A motion to certify was overruled by the Supreme Court. The record shows that the defendant opposed the partition of said real estate, and at every step of the proceeding interposed some objection, necessitating the expenditure of much time and effort by counsel for all the litigants. After an examination of the record we cannot say that the court abused its discretion in taxing the costs. The testimony proffered on the motion does not appear in the record. Consequently there is nothing presented for the consideration of this court.

The amount of fees allowed to counsel for service rendered in a partition suit rests within the sound discretion of the court. After considering the nature of the proceedings, the legal questions raised, the difficulties encountered, the amount of proceeds derived from the sale, and the time and effort expended by counsel, this court cannot find that the allowance of Three Thousand Dollars to counsel for the plaintiffs was unreasonable or excessive.

Did the court commit error in overruling defendant's motion for a separate finding of fact and conclusions of law? We do not think so. While the provisions of §11421-2 GC are mandatory in the trial of causes, in our opinion, this Section has no application to a motion for the allowance of attorney fees in a partition proceedings wherein the court has personal knowledge of the service rendered by counsel, and in the allowance or disallowance of fees to counsel, the court is required to exercise its discretion. Furthermore, the application of this Section is limited to situations where "questions of fact are tried by the court." In the instant case no question of fact was tried.

The court is not required to answer an interrogatory attached to the motion. We know of no principle of law or statutory requirement which requires the court to do so.

Did the court commit error in refusing to allow fees to counsel for the defendant for legal services rendered in this proceeding? The allowance of fees to counsel in a partition proceedings is controlled by §12050 GC which provides:

"Having regard to the interest of the parties, the benefit each may derive from a partition, and according to equity,

542

the court shall tax the costs and expenses which accrue in the action, including reasonable counsel fees, which must be paid to plaintiff's counsel unless the court awards some part thereof to other counsel for service in the case for common benefit of all the parties; and execution may issue therefor as in other cases."

It will be observed that the court is required to allow fees to counsel for the plaintiff, but is not required to allow fees to counsel for the defendant, "unless the court awards some part thereof to other counsel for service in the case for the common benefit of all the parties." Before the court would be warranted in awarding some part of the fees to counsel for defendant, it would be required to first find that counsel for defendant had rendered service in the case "for the common benefit of all the parties." **Young v Stone, 55 Oh St 125, 134, 135.** Therefore, an award of counsel fees cannot be allowed for service rendered in the will construction matter which was adversary in character and in which counsel did not render service "for the common benefit of all the parties." In determining whether counsel for defendant rendered service for the common benefit of all the parties the court is required to exercise a sound discretion. **Hoefner v Kovach 32 O. L. R. 293.** Unless there is an abuse of discretion, which we do not find to exist, the judgment of the trial court will not be disturbed.

In most instances counsel for the plaintiff renders all the service required in the conduct of a suit in partition. To allow fees to counsel for the defendant would not only tend to reduce the legitimate fees of the attorney for the plaintiff, but, also, would have a tendency to increase the total fees allowed and thereby increase the burden upon the parties. Edwards vs. Whims 2 N. P. (N. S.) 464, 468; Sites vs. Kohn 26 N. P. (N. S.) 373. In the case at bar the record shows that the defendant consistently resisted and opposed the partition of said real estate. It has been held that a fee for service rendered by counsel in resisting the application for partition cannot properly be allowed. **Lowe v Phillips 21 Oh St 657.**

Apparently the trial court did not find that counsel for defendant rendered service "for the common benefit of all the parties" as provided in §12050 GC. The record supports the finding of the trial court.

Finding no error in the record, the judgment is affirmed.

MILLER and HORNBECK, JJ, concur.