THE CITIZENS LOAN & SAVINGS CO., APPELLEE, *v.* STONE ET AL., APPELLANTS.

[Cite as Citizens Loan & Savings Co. v. Stone, 1 Ohio App. 551.]

552

(No. 267—Decided March 23, 1965.)

*Messrs. Crabbe & Tanner,* for appellee.
*Mr. J. Harvey Crow, in propria persona.*

DUFFEY, J. This is an appeal from an order of the Common Pleas Court of Madison County confirming the judicial sale of property upon a mortgage foreclosure.

Plaintiff-appellee, The Citizens Loan and Savings Company, has raised the preliminary question of the existence of a final order. The resident judges of this Court of Appeals previously reduced the case from an appeal on questions of law and fact to one on questions of law only. However, the court indicated some doubt on the appealability of such an order. See the opinion of May 26, 1959. In our opinion, an order confirming a sale is a final order and appealable. Confirmation is part of the sale proceedings, and such proceedings are special proceedings to enforce a judgment or decree. Further, as to the appellant

property owner, the right to retain ownership of his property is clearly a substantial right, and it is the confirmation order which operates to divest him of that right. These principles were firmly established in *Reed* v. *Radigan* (1884), 42 Ohio St. 292, and cases cited therein. See 2 Ohio Jurisprudence 2d 658, Appellate Review, Section 72.

The defendant-appellant J. Harvey Crow is a transferee of the mortgagor, acquiring title after commencement of the proceedings. He has questioned the standing of appellee, The Citizens Loan and Savings Company, in this court. It appears that the appellee's claim as mortgagee has been paid in full. We agree with appellant that The Citizens Loan and Savings Company no longer has any interest in this case. However, the attorney for appellee, The Citizens Loan and Savings Company, filed a brief on behalf of the assignees of the purchasers at the judicial sale. He stated in open court that he represented them. While the manner of asserting his representation has been somewhat informal, it is clear that the purchaser at a judicial sale is a party entitled to be heard upon the confirmation, and therefore equally a party to the appeal. See *Reed* v. *Radigan* (1884), 42 Ohio St. 292.

In our opinion, there is error apparent on the face of the record, and the order of confirmation must be reversed.

The Citizens Loan and Savings Company initiated this action on July 1, 1957, by a petition stating two causes of action. The first prayed for judgment on a note of one Grace Stone, deceased. The second was for foreclosure of the mortgage securing the note. The named defendants were the administrator of her estate and the heirs of Grace Stone. It might be noted in passing that the first cause of action is clearly improper and could not support a personal judgment. The petition contains none of the jurisdictional allegations necessary to support an action against the administrator, and the heirs are not, as such, personally liable on the note. Various other persons joined in the action. Several filed claims as alleged junior mortgagees, one as an alleged judgment lienor, and another as an alleged mechanic's lienor. The appellant J. Harvey Crow filed a motion alleging that he had acquired the property by deed and asking that he be made a party defendant. The motion was granted.

A number of preliminary proceedings occurred involving protracted litigation all the way to the Supreme Court of Ohio. A judgment order was eventually entered by the trial court on November 7, 1958. The terms of this entry are the controlling feature of this case. The prayer of the plaintiff's first cause of action was for $2,330.12 plus interest. The entry finds that the amount due on the debt was $2,784.52. The entry also finds the mortgage of The Citizens Loan and Savings Company to be valid and a first and best lien on the premises and to be in default.

The entry orders the defendant administrator and heirs to pay the amount found due in three days, purports to order that, unless so paid, the defendant's equity of redemption be foreclosed, and orders the premises to be sold. However, it must be noted that the entry did *not* pass upon the validity of any other claimed lien other than that of The Citizens Loan and Savings Company, did not determine the amounts due on any other alleged liens, nor determine the priority as between the lienors other than the finding that The Citizens Loan and Savings Company's was the first and best lien. The entry specifically provided that the proceeds of the sale were to be applied first to taxes, then court costs, then the plaintiff's mortgage, and the balance to be held ''until the rights, interests and priorities of the other lien holders be determined.'' Nowhere in the entry did the court purport to enter a personal judgment for money in favor of the plaintiff or against any defendant.

The sale was set for December 20, 1958, at 10:00 a. m. At 9:19 a. m. on that date, the plaintiff, The Citizens Loan and Savings Company, filed with the clerk of courts a statement with the proper case heading and reciting ''Plaintiff judgment having been paid in full, please cancel order of sale previously issued herein.'' The record also contains a statement of court costs and receipt for their payment by the appellant through that date. In argument during the case, counsel for the appellee confirmed that the plaintiff, The Citizens Loan and Savings Company, had been paid in full prior to the sale. Despite this, the sheriff conducted the sale, accepting the bid of the appellees, and made a return of sale to the court on the same date. An entry confirming the sale was filed December 23, 1958.

The record does not show any motion for confirmation, nor

is there any order setting a hearing on confirmation. The entry of confirmation does not contain any recital that a hearing was held. The entry recites that the cause was heard on the *return*, and that the court, having examined the return and the orders of the court, found that the sale was in all respects in conformity to law. It approved and confirmed the sale, ordered a deed and a writ of possession. The entry is approved by the attorneys for the plaintiff, The Citizens Loan and Savings Company, and three other alleged lienholders. There is no indication of approval by the purchaser or his assignees, nor by the defendant administrator, the heirs or the then owner-appellant, J. Harvey Crow. Appellant duly filed his notice of appeal within 20 days of this entry, although more than 20 days after the entry of the judgment determining the amount due and ordering sale.

Appellant complains that the judgment entry of November 7, 1958, is for an amount in excess of the prayer. This contention is without merit because: (1) That order is now final and no timely appeal was taken. (2) No personal judgment for money was granted. That entry is a judgment in the sense of a final order, but in this case constituted an equity decree based solely on the second cause of action in equity for foreclosure. The amount found due is not a judgment for money at law, but a determination by the court which serves as the basis for redemption on the one hand or distribution of sale proceeds on the other hand.

Turning to the order of confirmation, it is apparent on the face of the record that no proper hearing was held. A judicial sale is subject to confirmation of the court. As pointed out in *Reed* v. *Radigan* (1884), 42 Ohio St. 292, there are a substantial number of grounds upon which an interested party may be entitled to attack a sale, even though a judgment and the order of sale are proper. The purpose of confirmation is not just to examine the documents or previous orders of the court and the return, but is to afford an opportunity for objection and a hearing to determine if any objection is well taken. It is to enable the court to prevent hardship or sacrifice or any wrong which may have occurred. The debtor, the creditors and the purchaser are proper parties at the confirmation. See *Ohio Life Ins. & Trust Co.* v. *Goodin* (1860), 10 Ohio St. 557.

In the present case, there is nothing to indicate that interested persons were given any opportunity to be heard, nor even that a true hearing was ever set and held. The face of the entry shows that the cause was heard only upon the return of the sheriff and an examination of the previous orders of the court.

There is a more fundamental problem involved. The plaintiff's judgment was payed in full before the sale, as were the court costs. The property, therefore, was redeemed as to the only lien then determined to be valid. In *Reed* v. *Radigan* (1884), 42 Ohio St. 292, the syllabus states:

"Where a judgment debtor pays the judgment in full, after a sheriff's sale of his lands to satisfy it, it is error in the court thereafter to confirm such sale against the debtor's objection."

A mortgage is a security interest which rests upon the underlying debt. As the Supreme Court stated in *Reed*, at 293 and 294:

"* * * the primary object of the sale by the sheriff is to make the money due the creditor (Rorer on Judicial Sales, Section 20), and when this is accomplished, there is no substantial reason why the proceedings should go farther. * * *"

Foreclosure of the right to redeem must not be confused with the power of the court to set a time for payment upon expiration of which an order of sale will issue. Failure to redeem within that time period may add various court costs, but it does not destroy the right to redeem. It must be firmly understood that the right of redemption exists and may be exercised as an absolute right until confirmation of the sale. It cannot be cut off prior to confirmation under Ohio law. A purchaser at the sale acquires no vested rights until after the sale is confirmed. See *Reed* v. *Radigan* (1884), 42 Ohio St. 292, and Section 2329.33, Revised Code.

In the present case, there were a number of alleged junior lienors. At the time of confirmation, it is not clear that the appellant had as yet paid off these lienors, or at least all of them. (It appears that all are now paid off or their interests acquired.) Perhaps the trial court felt that the sale should proceed and be upheld for the benefit of these alleged junior lienors. If the claims of these lienors had been proved, and both their validity and the amount due determined, and at the

time of sale they had not been paid or redeemed, it would have been proper to proceed under an order of sale for their benefit. If they had not been redeemed at the time of the hearing on the confirmation, the sale could be confirmed. However, in the present case, the junior lienors were merely alleged lienors. Nothing in the record showed that they proved their claims, and, in any event, the judgment entry of November 7, 1958, shows affirmatively that the court did not adjudicate their claims. Accordingly, the unadjudicated claims of these alleged creditors and lienors could not be, and were not in fact, the basis for the order of sale. Their existence could not justify the confirmation of a sale. It was only The Citizens Loan and Savings Company's mortgage that was being foreclosed, and that mortgage was redeemed prior to confirmation.

The order of confirmation must be reversed and vacated. We cannot at this time dismiss the proceeding or grant appellant final judgment. On the record, the alleged junior lienors' claims have not been formally dismissed, or adjudicated, as the case may be. From the facts on the face of the record, and statements of the purchasers' attorney, it also seems that funds from the purchasers' deposit have been used to pay taxes. If so, the purchasers are entitled to reimbursement from appellant.

It might be noted that the statutory redemption from a sale provided for in Section 2329.33, Revised Code, is not strictly applicable to this case. In essence, the statute is declaratory of the chancery law, although it also provides for poundage and interest on the purchasers' deposit—items of cost not always previously allowed. See *Fiedeldey* v. *Diserens* (1875), 26 Ohio St. 312. However, in the present case, the person holding the equity of redemption redeemed the property *prior* to sale and in the exercise of his well-established equitable rights under general principles of mortgage law. It would also appear that the purchasers were aware of the redemption. We see no basis in equity for an award of interest to the purchasers on their deposit from the date of deposit to the date of confirmation.

We are not unaware of some of the feelings which have surrounded this case. It is, however, as presented below and in this court, nothing more and nothing less than a question of the rights of a person who has acquired the mortgagor's inter-

est to exercise the equity of redemption and to have that right protected.

The order of confirmation is reversed and vacated. The cause will be remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

BRYANT, J. (Presiding), and TROOP, J., concur.

BRYANT, DUFFEY and TROOP, JJ., of the Tenth Appellate District, sitting by designation in the Second Appellate District.