**In re Richard Gray ANDERSON, Debtor.**

**Bankruptcy No. 2-81-04336.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Feb. 1, 1982.

Pamela N. Maggied, Columbus, Ohio, for debtor.

Kenneth J. Nordstrom, Ashland, Ohio, for Farmers Production Credit Ass'n.

William M. Lane, Columbus, Ohio, for Federal Land Bank of Louisville.

David E. Railsback, Mount Vernon, Ohio, for First-Knox Nat. Bank of Mount Vernon.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON OBJECTIONS TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of multiple objections raised by various creditors to the Chapter 13 plan proposed by Richard Gray Anderson. Farmers Production Credit Association of Ashland ("FPCA") has objected to confirmation on the following grounds:

"1.  The plan has not been proposed in good faith. The payments proposed to be made to secured creditors are not meaningful and are not the debtor's best efforts.

2.  The plan proposes that the debtor retain the real estate collateral, that the objector retain its lien thereon, and that objector receive payments as provided in the plan. The plan does not propose to pay to objector the value of its secured claim. The stream of payments provided by the plan for secured creditors has a present value substantially less than the amounts of the secured claims.

3. The amount owed to secured creditors is not accurately stated in the plan.
4. There is discrimination in the treatment of secured creditors in the debtor's plan."

The Federal Land Bank of Louisville ("Federal Land Bank") has filed an objection to confirmation on the grounds that the plan proposed by the debtor does not propose to distribute to it the amount of its allowed secured claim, and further that the plan is not feasible.

Finally, The First-Knox National Bank of Mount Vernon ("First-Knox") has filed an objection to confirmation of the debtor's proposed plan on the following grounds:

"1. The debtor will be unable to make all payments and comply with the plan as required by Section 1325(a)(6).
2. This creditor is not afforded adequate protection, and prays for relief pursuant to Section 361 as the plan does not conform to the requirements of Section 1325(a).
3. The plan does not provide for payment of interest in accordance with Section 1325(a)(5)(B)(ii).
4. The plan does not provide for payment of reasonable fees, costs or charges in accordance with Section 506(b)."

The presently proposed plan of Richard Gray Anderson includes the following terms. The debtor proposes a $200.00 per month payment to the Chapter 13 trustee through April of 1982 and a $300.00 monthly payment thereafter. The debtor additionally proposes a $2,500.00 semi-annual payment in May and December of each year (commencing in May of 1982) plus a $1,600.00 initial payment to his Chapter 13 plan. In addition, the debtor proposes the sale of all or a portion of his real estate to the extent necessary in order to pay *in full* those creditors who hold liens on the real estate, those creditors specifically being the three objecting creditors in this case, FPCA, Federal Land Bank and First-Knox. The plan proposes an eventual 100% dividend on all claims (both secured and unsecured), and a time period of approximately twenty-five (25) months for completion, although the delay in the land sale could extend the plan to as much as sixty (60) months.

The essential objection raised by FPCA, Federal Land Bank, and First-Knox, is that, to the extent the Chapter 13 plan proposed by this debtor is contingent upon the sale of all or a portion of his real estate, the plan is not feasible, not proposed in good faith, and is meant to merely delay creditors secured by the real estate from exercising their right under state law to foreclose on the real estate and cause a liquidation of the property. The objecting creditors, in essence, want an assurance of immediate or near-immediate payment of their respective claims, an assurance not given, they allege, by the terms of the proposed Chapter 13 plan.

The real estate in question consists of approximately 290 acres of land located in Knox County, Ohio. That land is valued at between $290,000 and $348,000, with the addition of another $50,000 for the fair market value of a house located on the land. The debtor's plan proposes to offer for sale 225 acres of this land at a listing price of $1,000 an acre. FPCA holds a mortgage on the property in the net amount of $118,-335.71 as of December 1, 1981. This appears to be a second mortgage. Federal Land Bank holds the first mortgage on the property in the net amount, as of October 30, 1981, of $52,547.76. Finally, First-Knox holds a mortgage in the net amount of $51,775.77, calculated to November 13, 1981, which is a third mortgage on the property in question. Each of these obligations continues to accrue interest at rates ranging from 8½% on the Federal Land Bank obligation, 14% (the current floating rate) plus a 2% penalty rate on the FPCA obligation, and, apparently, 25% on the First-Knox obligation.

The plan proposes that the mortgage holders on the real estate will be paid in full upon the sale of the real estate. An interest factor (apparently the interest called for

in the respective loan documents for Federal Land Bank, FPCA, and First-Knox) has been proposed in order to permit the mortgage holders to receive the present fair market value of their claims. See *In re Marx*, 11 B.R. 819, 7 B.C.D. 1066 (Bkrtcy.S. D.Ohio 1981). The property to be distributed, then, to holders of allowed secured claims under the plan is not less than the allowed amount of such secured claims.

This Court must judge the feasibility of the debtor's proposal as the facts appear at the time of confirmation. While it may be conceded that the successful completion of the Chapter 13 proposal of this debtor is contingent upon a sa'e of real estate under market conditions which, in recent months, are far from ideal, this Court is reluctant to conclude at this point in time that the plan lacks the requisite feasibility required for confirmation under the test set forth in § 1325(a)(6) of the Bankruptcy Code. A debtor proposing a Chapter 13 plan need not prove that the plan is guaranteed to be successful. Virtually every plan that requires some performance in the future will be subject to a risk factor affecting its successful completion. This Court's judicial discretion is to be exercised, then, to determine *at the time of confirmation* whether the risk of failure of the proposed plan is impermissible. Based on the record before this Court, including such factors as the evident good faith present in the debtor's proposal, the desire of the debtor to pay all creditors in full, and the lack of any jeopardy to the objecting creditors in permitting the debtor to attempt to execute his plan, this Court determines that the debtor's plan is feasible and should be confirmed. In order to assure that feasibility continues to be a feature of the plan as confirmed, the Court, in the confirming order that will issue in this case, will require the debtor to make such reports to the Chapter 13 trustee and the Court as may be appropriate in terms of the progress on the sale of the real estate in question. The feasibility issue may be properly raised at any other point in this case that circumstances may dictate.

This Court further finds that FPCA's objection to confirmation is not properly based upon a lack of "best efforts" as that is not a test for confirmation under § 1325 of the Bankruptcy Code. The plan has been proposed in good faith, it provides for meaningful payments to all creditors, does not unlawfully discriminate against any class of creditors, and it adequately protects holders of allowed secured claims during the period of its execution.

Based upon the foregoing findings, the Court hereby determines that the objections to confirmation raised by FPCA, Federal Land Bank, and First-Knox are without merit and they are hereby overruled. An Order Confirming Plan will issue forthwith.

IT IS SO ORDERED.