**In re Charles Edward McCANN, Nancy Lee McCann, Debtors.**

**Bankruptcy No. 2–82–01027.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Dec. 7, 1982.

Richard D. Bringardner, Columbus, Ohio, for Manufacturers Hanover Mortgage Corp.

Craig M. Stewart, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## FINDINGS, CONCLUSIONS, AND ORDER ON OBJECTION TO CONFIRMATION

THOMAS M. HERBERT, Bankruptcy Judge.

This matter is before the Court on the objections to confirmation filed by Manufacturers Hanover Mortgage Corporation (Manufacturers). Debtors, Charles and Nancy McCann, have filed a Chapter 13 petition and amended plan with this Court which, in part, proposes payment of $800.00 per month to the Chapter 13 trustee, payment of secured claims in full, and a dividend of 100% to unsecured claimants. The plan proposes further to pay Manufacturers through the plan for the arrearage on the note and mortgage evidenced by a judgment against debtors' residential real estate. The current payments, as those were set out in the original note, are to be made directly to Manufacturers while, at the

same time, debtors attempt to sell the real estate. Any proceeds from the sale of the real estate will be used first to pay the holders of liens against that property, and then to fund the remaining portion of the Chapter 13 plan. If the entire obligation to Manufacturers, as accelerated, is not paid within 18 months, or if the current payments are not made in a timely fashion, the plan provides for relief from the automatic stay imposed by 11 U.S.C. § 362(a) with respect to Manufacturers.

Manufacturers, in its Objection to Confirmation, has asserted that the Chapter 13 plan does not provide for payment of its entire indebtedness within a reasonable time, that the plan is speculative in its proposal to sell the real estate, that the plan is not proposed in good faith, and that the proposed plan is not feasible. Manufacturers states also that since the property was previously sold at a Sheriff's sale, it would be inequitable to delay further the completion of that foreclosure sale.

After a hearing without the presentation of any evidence by either party, and the Court's own examination of the record including a prior hearing before another judge of this Court, the Court finds the following facts. Debtors own real estate located at 14344 Johnstown-Utica Road, Johnstown, Ohio. On April 29, 1976, debtors signed a note and granted a mortgage against the property in favor of Manufacturers. Sometime prior to the filing of the Chapter 13 petition, a foreclosure action against the property was commenced in the Licking County Court of Common Pleas. On December 4, 1981, judgment was entered in that suit in favor of Manufacturers for the sum of $30,576.30, plus interest at the rate of 8¾% per year from June 1, 1980. Although the Chapter 13 petition was filed herein on March 18, 1982, the order confirming the foreclosure sale was not entered in Licking County until March 29, 1982. The property has since been initially listed for private sale at $74,900 and re-

duced to a present asking price of $62,000. The highest price bid at the foreclosure sale was $36,000.

■ In response to Manufacturers' assertion that it would be inequitable to delay completion of the Licking County foreclosure sale by allowing confirmation of the proposed amended Chapter 13 plan, the record is clear that the order confirming the foreclosure sale was entered after the date of the filing of the Chapter 13 petition. The order is, therefore, void and is without effect. *Hoyd v. Citizens Bank of Albany*, 89 F.2d 105 (6th Cir.1937); 11 U.S.C. § 362(a); 11 U.S.C. § 105. Without a valid confirmation order, the property continues as property of these debtors, and the buyer has no vested rights in it. *Citizens Loan & Savings Co. v. Stone* (1965), 1 Ohio App.2d 551, 206 N.E.2d 17.*

■ The Court must now determine whether debtors' proposed treatment of the debt to Manufacturers, which represents a judgment lien upon the property, is permissible under the provisions of Chapter 13. Because the judgment in the amount of $30,576.30 predated the Chapter 13 filing, the obligation has been accelerated and no longer represents a "claim on which the last payment is due after the date on which the final payment under the plan is due." Treatment pursuant to 11 U.S.C. § 1322(b)(5) is, therefore, not an option which is available to debtors, and a proposal to cure the default and maintain contract payments during the course of the Chapter 13 plan must fail. *Western and Southern Life Insurance Co. v. Soderlund (In re Soderlund)*, 18 B.R. 12 (D.C.S.D.Ohio 1981). On the other hand, because Manufacturers is no longer secured "only by a security interest in real property that is the debtor's principal residence", but is instead a judgment lien creditor, the prohibition contained in 11 U.S.C. § 1322(b)(2) does not obtain. To the extent that the plan proposes to pay the secured claim in full, with an appropriate discount factor as required by 11 U.S.C.

---

* The issue of whether 11 U.S.C. § 549 applies in this proceeding has not been raised by either party.

§ 1325(a)(5)(B), and provides for lien retention by the creditor, the plan is in compliance with the requirements of Chapter 13 of the Bankruptcy Code. *In re Anderson,* 28 B.R. 628 (S.D.Ohio 1982). No requirement of reasonable time is included within the ambit of § 1322(b)(2), so long as the plan does not exceed the limits set out in § 1322(c).

Proposals to sell real estate obviously involve some uncertainty, especially in the present economic climate. Some risk factor is inevitable in any Chapter 13 proposal, however, and the Court's discretion concerning both feasibility and good faith is directed toward consideration of debtors' good faith as expressed by their desire to execute their proposed plan, by their apparent means, by their desire to pay a 100% dividend, and by the lack of any substantial risk to the objecting creditor. See *In re Anderson,* 18 B.R. 763 (Bkrtcy.S.D.Ohio 1982), *aff'd,* (S.D.Ohio 1982).

The Court concludes that this plan, as it proposes to sell the real estate with payment in full of the entire debt to Manufacturers within an 18-month period, is feasible and meets the requirements of 11 U.S.C. § 1322(b)(6). The status of the proposed real estate sale, however, shall be reported to the Chapter 13 trustee and to the Court every six months during the progress of this plan, so that continued feasibility can be raised at a future date if necessary.

Based upon the foregoing findings, Manufacturers' objections that the plan is not proposed in good faith, that the plan does not provide for payment of Manufacturers' entire indebtedness within a reasonable time, and that the plan is not feasible are overruled. Manufacturers' objection to the proposed cure of its arrearage with maintenance of current payments outside the plan is sustained. Debtors shall have twenty (20) days from the date of this Order to propose an amended plan which complies with this finding, or to take whatever action they deem appropriate in this proceeding.

IT IS SO ORDERED.