**In re Allard R. COMPTON, Marian M. Compton, Debtors.**

**Bankruptcy No. 2–88–00330.**

United States Bankruptcy Court, S.D. Ohio, E.D.

May 24, 1988.

Mitchel D. Cohen, Columbus, Ohio, for debtors.

Allard R. Compton, Marian M. Compton, James C. Lewis, III, Donald A. Mullin, Columbus, Ohio, for GMAC.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Charles Caldwell, Asst. U.S. Trustee, Columbus, Ohio.

### ORDER OVERRULING OBJECTIONS TO CONFIRMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon two objections to confirmation of the Chapter 13 plan proposed by Allard and Marian Compton. The objections, filed by Bank One, Columbus, N.A. ("Bank One") and General Motors Acceptance Corp. ("GMAC") were heard by the Court and were taken under advisement.

The Court has jurisdiction in this matter under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

The debtors have proposed a plan which calls for monthly payments of $472 for seven months of each year, $62 for one month, no payment for each December, and $180 for three months. That payment schedule, averaging $325.50 on a monthly basis, is to permit the Chapter 13 trustee to pay in full all allowed secured and priority unsecured claims and a dividend of 14% to allowed general unsecured claims. As proposed, the plan is to last 59 months.

Bank One holds second and third mortgages against the debtors' residential real property arising from loans for home repairs. Although Bank One originally challenged the debtors' valuation of the real property, that basis for objection was orally withdrawn. The uncontested appraised value of $42,000 is less than the amount owing to the holder of the first mortgage and, therefore, pursuant to 11 U.S.C. § 506(a), Bank One is the holder of allowed unsecured claims in the amounts of $2,329.46 and $10,295.25.

GMAC has a lien against the debtors' 1985 Dodge Caravan arising from the purchase of that vehicle. By agreement, GMAC has an allowed secured claim in the amount of $7,650.00 and an allowed unsecured claim for $3,732.40.

The debtors' irregular payment schedule is necessitated by the nature of their employment as cooks in various sorority or fraternity houses at Ohio State University. Their income varies because of summer lay-offs and spring and winter breaks when students are not on campus. At the time this case was filed, Allard Compton had lost his job and was receiving unemployment benefits. It is primarily the uncertainty of his employment situation which generated GMAC and Bank One's objections regarding the feasibility of the proposed fifty-nine month plan. Bank One also raised the issue of good faith, and GMAC further objected to confirmation on the basis of the "disposable income test" set forth in 11 U.S.C. § 1325(b).

At the time of the hearing the Court orally overruled Bank One's objection based upon a lack of good faith as no evidence indicating bad faith on the part of these debtors was received. The issues remaining, therefore, are whether the plan is feasible, as required by 11 U.S.C. § 1325(a)(6) and whether the debtors' failure to commit to the plan all additional income from the anticipated reemployment of Allard Compton causes the plan to fail to satisfy the disposable income test set forth in 11 U.S.C. § 1325(b).

1. FEASIBILITY

■ The Court finds that the debtors' proposed payment schedule is based upon Marian Compton's current income from her employment as a cook, from her part time job delivering newspapers and from Allard Compton's unemployment benefits. It is conceded that his unemployment benefits last only until approximately March of 1989. Allard Compton testified, however, that he has registered for employment as a cook for any opening arising with a fraternity or sorority house. He has also registered for work with the Ohio Bureau of Employment Services. He has worked as a cook for at least three years and, when employed, he takes home approximately $300 more for each of the seven full months than he receives in unemployment benefits.

The Court finds that Allard Compton's reemployment as a cook prior to the expiration of his unemployment benefits is at least as likely as it is unlikely. In this Court's experience, Chapter 13 debtors rarely have any reliable guarantee of employment. All that is required for the Court to find that a plan is feasible, where the budget is based upon reasonable, affordable expenses, is that the debtors' expectations of income are sufficiently realistic that they should be given an opportunity to carry out the plan they propose. It has been stated that:

> "A debtor proposing a Chapter 13 plan need not prove that the plan is guaranteed to be successful. Virtually every plan that requires some performance in the future will be subject to a risk factor affecting its successful completion. This Court's judicial discretion is to be exercised, then, to determine *at the time of confirmation* whether the risk of failure of the proposed plan is impermissible." *In re Anderson,* 18 B.R. 763, 765 (Bankr. S.D.Ohio 1982), *aff'd* 28 B.R. 628 (S.D. Ohio 1982).

Utilizing the *Anderson* standard, the Court finds that the income projected to accomplish the payments proposed by the Comptons is not so speculative that the debtors' risk of failure is impermissibly great. Therefore, the plan proposed by these debtors satisfies the feasibility requirement of 11 U.S.C. § 1325(a)(6).

2. THE DISPOSABLE INCOME TEST

GMAC also asserts that the debtors' plan fails to meet the disposable income test because any increased income which might be received when Allard Compton returns to work is not specifically dedicated to the plan. This objection requires an analysis of the "disposable income test", added to the Bankruptcy Code as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. If the holder of an allowed

unsecured claim objects to confirmation, § 1325(b) requires the plan to propose either a 100% dividend for unsecured claims, or, as of the effective date of the plan, all of the debtors' "projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan" must be paid into the plan.

It is clear that while Allard Compton is receiving only unemployment benefits, all of the debtors' disposable income is devoted to the plan. The budget is lean and no budget items were challenged by either objecting creditor. In fact, making those payments requires Marian Compton to maintain a newspaper delivery route to supplement her income as a cook. Her testimony was that, if possible, she would relinquish the paper route once her husband became reemployed because it was difficult to work two jobs and still care for a home and a child. The projected monthly contribution from the paper route is $500.

Neither Congress nor this Court require Chapter 13 debtors to work two jobs to increase the dividend to be repaid to their unsecured creditors where such increase is not required to meet other tests for confirmation. Further, it appears to the Court that even when Allard Compton becomes reemployed, Marian Compton may have to continue voluntarily her paper route on a reduced scale in order to afford the proposed plan payments. Since the second job is not required, and "surplus" income only occurs if receipts from that second job exceed $300 each month, the Court finds that the debtors are devoting all of their disposable income to their plan for at least a period of 36 months as they project that income at this time and as the Court considers such expectation to be reasonable. Holders of unsecured claims may require no greater effort. Should that projection of income prove to be understated, other remedies are available to GMAC.

Beyond that finding, however, the Court does not understand GMAC's objection in the context of this case. Section 1325(b) is a ground for objection available only to the Chapter 13 trustee or an unsecured creditor. Its purpose is to ensure that debtors are not just redeeming their non-exempt or liened assets through a Chapter 13 plan, but are sincerely trying to repay all of their creditors to the best of their ability. The plan proposed by these debtors, however, will not pay all allowed secured and priority unsecured claims until some 46 months into its term. Even if the Court were somehow able to determine that the debtors had an additional $100–$200 disposable income each month which they must devote to the plan during its second and third years, holders of unsecured claims would not necessarily benefit from that result. If GMAC were to prevail and the debtors were forced to restructure their plan, they might well elect to make payments only for the required statutory period of 36 months. In that situation, holders of allowed unsecured claims could well receive a lesser dividend, albeit somewhat faster, than the 14% they will receive under the plan as currently proposed.

Consistent with the foregoing, the objections to confirmation of Bank One and GMAC should be, and the same are, hereby OVERRULED. The Court will enter an order confirming the debtors' proposed plan.

IT IS SO ORDERED.