DECISION AND JUDGMENT ENTRY *Page 2 
{¶ 1} Appellants appeal an order of the Lucas County Court of Common Pleas, denying a motion to vacate a judgment confirming sale in a foreclosure proceedings. For the reasons that follow, we affirm.
 {¶ 2} Appellants, Louis and Susan Leasor, owned unimproved real property on River Road in Providence Township of Lucas County, Ohio. In 2000, appellants began to fall in arrearage on their property taxes. In 2004, the office of appellee Lucas County Treasurer ("Treasurer") certified the taxes as delinquent and filed a complaint in foreclosure. Following appellants' answer, appellee Treasurer moved for summary judgment, which was granted. On June 9, 2005, the property sold at a court-ordered sheriffs sale to appellees Joshua and Karen Magrum. On July 27, 2005, the court entered a judgment confirming the sale.
 {¶ 3} On October 3, 2005, appellants moved to vacate the sale and judgment of confirmation, pursuant to Civ.R. 60(B). Accompanying the motion were affidavits from each appellant averring that they had not received written notice of the date, time and place of the sale as mandated by R.C. 2329.26(A)(1)(a) and Civ.R. 5. In an accompanying memorandum in support, appellants argued that this lack of notice constituted a deprivation of the right to due process in extinguishing their property rights.
 {¶ 4} Appellee Treasurer responded, conceding that due to a clerical error, it had failed to provide notice of sale to appellants or their counsel of record. Nevertheless, *Page 3 
appellee Treasurer argued, appellants received adequate notice by publication pursuant to R.C. Chapter 5721.
 {¶ 5} Appellees Magrum also filed a memorandum in opposition, asserting that appellants were not entitled to prevail on the Civ.R. 60(B) motion because failure to receive notice was itself not a meritorious defense as needed to obtain relief from judgment.
 {¶ 6} Appellants responded to appellees Magrum, submitting affidavits asserting that had they received proper notice of the sale they would have paid the taxes due.
 {¶ 7} The trial court found that appellants had not received notice of the sheriffs sale and concluded that under Ohio law they were entitled to such notice. Nevertheless, the court ruled, lack of notice for a sheriffs sale is not a meritorious defense as needed to satisfy an essential element to prevail on a Civ.R. 60(B) motion. Moreover, the court found that appellants' assertion that had they known of the date, time and place of the sale they could have paid the property taxes was insufficient to present, "* * * operative facts which establish a meritorious defense * * *" entitling them to a hearing. As a result, the court denied appellants' motion for relief from judgment.
 {¶ 8} From this judgment, appellants now bring this appeal, setting forth the following assignments of error:
 {¶ 9} "The trial court erred in denying appellants Leasor's motion of October 3, 2005, moving that the tax foreclosure sale of their real estate and the order of *Page 4 
confirmation of said sale be set aside, and erred in failing to hold any hearings on said motion.
 {¶ 10} "A. In a post-confirmation proceeding, the failure of notice of sale to property owners renders the confirmation order void.
 {¶ 11} "B. Where the order of confirmation is voidable, rather than void, the lack of notice of sale to property owners is a meritorious defense to the validity of that confirmation order and any evidence of the ability to redeem the delinquent property requires a hearing to consider the merits of that ability."
 I. Void — Voidable {¶ 12} In their Assignment of Error "A" appellants assert that because of the absence of statutorily required notice of the sheriffs sale, the sale and its order of confirmation are void. Citing Thomas v. Fick (June 7, 2000), 9th Dist. No. 19595, and Rondy v. Rondy (1983),13 Ohio App.3d 19, appellants maintain that a judgment is void where a court lacks jurisdiction over the subject matter or the parties or where the court acts contrary to due process. According to appellants, pursuant toWolford v. Hess (May 29, 1988), 5th Dist. No. CA-891 and In reForeclosure of Liens for Delinquent Taxes, 2d Dist. No. 2002-CA-99, 2003-Ohio-1760, failure to provide notice of a sheriff s sale is a violation of due process.
 {¶ 13} The principle is well stated in Thomas:
 {¶ 14} "`It is only in instances in which the trial court lacks jurisdiction that a judgment is void * * *.' Eisenberg v. Peyton (1978),56 Ohio App.2d 144, 148. In all *Page 5 
other instances, the trial court's decision is voidable, i.e., it may be reversed if challenged on appeal. However, if a timely appeal is not taken, the decision stands and is valid and binding. Sturgill v.Sturgill (1989), 61 Ohio App.3d 94, 101. `After the thirty day time for an appeal of judgment has run, the voidability of the judgment is removed, except in the limited circumstances under Civ.R. 60(B).'Eisenburg, supra, at 151."
 {¶ 15} It is from Rondy that appellants obtain authority that a judgment is void if the court acts in a manner "contrary to due process." Rondy at 22. The use of the quoted phrase is unfortunate, because it is clear from the context of the case that the topic is the service of process necessary to acquire in personam jurisdiction pursuant to Civ.R. 75(I). Id at 21. Thus, the due process at issue is only that process implicating jurisdictional issues.
 {¶ 16} In this matter, it was undisputed that the court has both subject matter and personal jurisdiction over appellants. Consequently, the judgment of confirmation of sale is not void and may be assailed only through Civ.R. 60(B). Thomas, supra. Accordingly, appellants' Assignment of Error "A" is not well-taken.
 II. Relief from Judgment {¶ 17} Civ.R. 60(B) provides:
 {¶ 18} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a *Page 6 
new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 19} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus. A party seeking relief must establish all three elements. Rose Chevrolet v. Adams (1986), 36 Ohio St.3d 17, 20.
 {¶ 20} Appellants insist that they would have been able to establish that they had the ability to pay the back taxes had they been afforded a hearing on the motion. This assertion was included in affidavits appellant had presented. However, appellants cannot *Page 7 
dispute that they have been unable to pay the taxes for more than five years antecedent to the sale. Also, appellant Louis Leasor testified to financial difficulties in his deposition taken only a few weeks before the motion became decisional.
 {¶ 21} An assertion by a Civ.R. 60(B) movant that, "* * * if notified of the foreclosure sale, defendants-appellants would have been able to pay back taxes on the property" does not state a meritorious defense or claim. Gaul v. Haas (May 11, 1995), 8th Dist. No. 67313, discretionary appeal not allowed (1995), 74 Ohio St.3d 1416; Rokakis v. Snipes (Mar. 4, 1999), 8th Dist. No. 73938; cf. Smith v. Najjar, 5th Dist. No. 02CA0069, 2003-Ohio-3745, ¶ 23, in which appellant contested her appraisal as well as her lack of notice of sale.
 {¶ 22} Appellants therefore have failed to establish a meritorious defense. Further, if a movant for relief from judgment fails to support the motion with operative facts which would warrant relief, the trial court does not abuse its discretion if it denies the movant a hearing and overrules the motion. Kay v. Marc Glassman (1996), 76 Ohio St.3d 18,19; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105.
 {¶ 23} We cannot say that the trial court abused its discretion in denying a hearing and overruling the motion. Accordingly, appellants' Assignment of Error "B" is not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal *Page 8 
pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J.
Thomas J. Osowik, J.
 CONCUR. *Page 1