OPINION *Page 2 
{¶ 1} The plaintiff-appellant, JP Morgan Chase Bank as Trustee, appeals the judgment of the Logan County Common Pleas Court confirming sheriff's sale. On appeal, Chase contends the trial court lacked jurisdiction to confirm the sale during the pendency of a previously filed appeal by the defendant-appellee, Wells Fargo Financial Leasing, Inc., as assignee of Telmark, LLC. For the reasons set forth herein, we dismiss the appeal for lack of jurisdiction.
 {¶ 2} On or about February 9, 2004, Carol Dewine executed a note in favor of Southstar Funding, LLC, Chase's predecessor in interest, in the amount of $171,000. To secure payment on the note, Carol and Daniel Dewine executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc., which was acting as nominee for Southstar Funding, LLC. The mortgage was filed in the Logan County Recorder's Officer on February 18, 2004. The loan was used to pay off a prior mortgage from R.E. Becker Builders in the amount of $164,988.79.
 {¶ 3} On November 23, 2005, Chase filed a complaint in the Logan County Common Pleas Court against numerous defendants, including the Dewines and Telmark, LLC seeking judgment on its note and foreclosure on the Dewines' real property. Chase asserted a first lien on the real property; however, its complaint stated that Telmark, LLC "may have a claim to an interest in or lien upon the premises * * * by virtue of a Certificate of Judgment, filed for record on *Page 3 
February 6, 2004." Chase also indicated its belief that the certificate of judgment had been satisfied.
 {¶ 4} On December 16, 2005, Wells Fargo, as assignee of Telmark, LLC, answered Chase's complaint and filed a cross-claim against the Dewines. Wells Fargo claimed priority over Chase's interest in the real property, its certificate of judgment having remained unpaid. On April 10, 2006, Wells Fargo filed a motion for default judgment, which the trial court set for hearing on May 2, 2006. Following the hearing, the trial court, on May 25, 2006, filed a judgment entry/decree of foreclosure. The court's entry granted judgment in favor of Wells Fargo, ordered foreclosure of the Dewines' real property, and determined that Wells Fargo's judgment lien, filed in the Logan County Recorder's Office on February 6, 2004, had priority to the proceeds of the sale.
 {¶ 5} Following the court's May 25, 2006 judgment entry, the Dewines declared bankruptcy, staying these proceedings. On December 10, 2007, Wells Fargo filed a notice of abandonment of property from the bankrupt estate and right to proceed with foreclosure. The trial court's judgment entry of December 28, 2007 reactivated the case. Also on December 28, 2007, Wells Fargo filed a praecipe for alias order for sale of the real property, and an order of sale was issued to the Logan County Sheriff. The sheriff's sale was scheduled for February 28, 2008. *Page 4 
 {¶ 6} On February 14, 2008, Chase filed a motion for relief from judgment pursuant to Civ. R. 60(B). The trial court granted Chase's motion on April 10, 2008 over Wells Fargo's objection. On May 8, 2008, the trial court held a telephone conference in which both parties' attorneys participated. The attorney for Wells Fargo represented that an appeal would likely be filed, and the court stated that the confirmation of sale was a ministerial act that could proceed despite any appeal. Chase was instructed by the court to prepare an entry confirming the sale, and the court scheduled a tentative hearing for June 6, 2008 should the entry confirming sale not be prepared as directed. On May 8, 2008, Wells Fargo did file an appeal challenging the trial court's April 10, 2008 judgment entry, and we reversed the decision of the trial court. See JP Morgan Chase Bank v. Wells Fargo Financial Leasing,Inc., 3d Dist. No. 8-08-07, 2008-Ohio-6354.
 {¶ 7} Chase did not submit the entry to the court, and the hearing was held on June 6, 2008. The parties apparently agree that the hearing was not transcribed or otherwise recorded. Counsel for Wells Fargo submitted that Chase had been unwilling to prepare the entry. Chase's attorney represented that he was willing to prepare the entry, but he did not wish to do so when Wells Fargo claimed attorneys' fees of $17,000, "which seemed high for a case involving the filing of a cognovit judgment and a simple foreclosure matter." The parties provided argument to the court over a deposit to be held in escrow pending the resolution of *Page 5 
priority. Contrary to the wishes of either party, the trial court determined that Chase would deposit $100,000 in escrow.
 {¶ 8} Wells Fargo drafted a judgment entry confirming sale and circulated the entry to the parties. Chase objected to the judgment entry arguing that Wells Fargo's appeal had divested the trial court of jurisdiction to confirm the sale. The trial court signed and journalized the entry confirming sale on July 17, 2008. Chase appeals the judgment of the trial court, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR The trial court erred when it confirmed the sheriff's sale during thependency of Wells Fargo's appeal.
 {¶ 9} Appellate jurisdiction is limited to review of lower courts final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ. R. 54(B). ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88,541 N.E.2d 64. R.C. 2505.02(B)(2) provides that a final appealable order is "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." Civ. R. 54(B) states:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims *Page 6 or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all parties.
 {¶ 10} The confirmation of sheriff's sale is a special proceeding, and therefore a final appealable order under R.C. 2505.02(B)(2). Metro. Bank Trust Co. v. Roth, 9th Dist. No. 21174, 2003-Ohio-1138, at ¶ 12, citing Citizens Loan Savings Co. v. Stone (1965),1 Ohio App.2d 551, 552-553, 206 N.E.2d 17. However, the requirements of Civ. R. 54(B) are not satisfied. Where claims are "still pending in the trial court, the order must have a Civ. R. 54(B) certification to be appealed."NBD Mtge. Co. v. Marzocco, 2d Dist. No. 18824, 2001-Ohio-1705.
 {¶ 11} The trial court's judgment entry confirming sheriff's sale does not contain a Civ. R. 54(B) certification despite its acknowledgment that the issue of priority as between Chase, Wells Fargo, and another creditor is still pending.[1] The judgment entry states that "[t]he parties agreed to proceed with the sale of the property while the priority of lien issue is addressed by the Courts." (J. Entry, Jun. *Page 7 
17, 2008, at 2). In listing the distributions from the proceeds of the sale, the trial court noted "$0.00" next to Chase, Wells Fargo, and another creditor. Because there are still claims pending between the creditors on the issue of priority, the confirmation of sale, lacking a Civ. R. 54(B) certification, is not a final, appealable order, and we do not have jurisdiction to address the merits of Chase's arguments. The appeal is dismissed.
Appeal Dismissed
 SHAW and ROGERS, J.J., concur.
[1] Generally, a judgment entry granting foreclosure will establish the priority among lienholders. It is from the judgment of foreclosure that a lienholder must appeal to challenge the trial court's decision on priority. Fed. Nat'l. Mtge. Assn. v. Day, 158 Ohio App.3d 349,2004-Ohio-4514, 815 N.E.2d 730, at ¶ 15, citing Bank One Dayton, N.A. v.Ellington (1995), 105 Ohio App.3d 13, 16, 663 N.E.2d 660 ("If Huntington wanted to challenge the foreclosure order, it could have appealed from the order within the appropriate appeal time. If Huntington discovered a mistake that was not evident from the record, it could also have filed a Civ. R. 60(B) motion, asking for relief from the judgment. Unfortunately, Huntington did not follow either course. Instead, Huntington filed objections to the proposed confirmation order. That was not appropriate, since the proper time to challenge the existence and extent of mortgage liens is in the foreclosure action."). *Page 1