SKY BANK, Appellant,

v.

MAMONE et al., Appellees.

[Cite as *Sky Bank v. Mamone,* 182 Ohio App.3d 323, 2009-Ohio-2265.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 91812.

Decided May 14, 2009.

Weston Hurd, L.L.P., and Shawn W. Maestle, for appellant.

Gurney, Miller & Mamone and Joseph A. Mamone; and Murman & Associates and Michael E. Murman, for appellees.

Cavitch, Familo, Durkin & Frutkin Co., L.P.A., Michael C. Cohan, Eric J. Weiss, Jessica L. Doinidis, and Harold O. Maxfield Jr., for appellee-intervenor Mijero, Inc.

KENNETH A. ROCCO, Judge.

{¶ 1} In this real estate foreclosure action, plaintiff-appellant Sky Bank,[1] the original mortgagee, appeals from an order of the Cuyahoga County Court of

---

1. Now Midwest II, L.L.C., assignee of Huntington National Bank, successor-in-interest by merger to Sky Bank.

Common Pleas that (1) vacated the court's previous decree confirming the sheriff's sale of the property to intervenor-appellee Mijero, Inc., (2) set aside the sale, and (3) denied the bank's R.C. 2329.30 motion for a contempt citation against Mijero.

{¶ 2} The bank presents two assignments of error. First, the bank argues that since the trial court initially denied Mijero's motion to vacate the order confirming the sale of the property, the court lacked jurisdiction to reverse that decision. Second, the bank argues that the trial court abused its discretion in failing to hold Mijero in contempt for refusing to complete its purchase of the property.

{¶ 3} Upon a review of the record, this court agrees that the trial court lacked jurisdiction to reverse its original decision to deny Mijero's motion to vacate the order confirming the sale. Consequently, the court abused its discretion in denying the bank's motion for a contempt citation against Mijero. The order from which the bank appeals is reversed, and this case is remanded for further proceedings.

{¶ 4} The bank brought this action in May 2007 seeking foreclosure on a mortgage owed by defendants Joseph and Patricia Mamone with respect to an apartment building located in Lakewood, Ohio. After all the necessary parties had been served with the complaint, the trial court appointed a receiver to manage the premises.

{¶ 5} The receiver filed his first report with the trial court in June 2007, noting that the inventory of the premises consisted of a "twenty (20) unit apartment building." The receiver informed the court that he was collecting the tenants' rents.

{¶ 6} In October 2007, the bank filed a motion for summary judgment on its complaint. The bank supported its motion with evidence that demonstrated that due to the Mamones' default on the cognovit note with respect to the property, it had obtained a judgment in the amount of $927,602.75 against them, and that the property should be sold to pay the debt.

{¶ 7} In November 2007, the trial court granted summary judgment to the bank on its complaint, and issued a decree of foreclosure with respect to "Permanent Parcel No. 312–12–006." In January 2008, the county sheriff secured an appraisal of the property. The independent appraisal valued the property at $600,000.

{¶ 8} The sheriff duly issued notice that the sale of the property would be held on March 3, 2008. The notice set forth the specifics of the recorded deed, set forth the address, stated that the "above described property is further known as a brick apartment with five car garage," and indicated the appraised value of the parcel.

{¶ 9} On March 3, 2008, the sheriff issued an order of sale of the property to Mijero; Mijero was the "highest and best bidder" at $750,000. The trial court confirmed the sale in an order issued on March 14, 2008.

{¶ 10} Approximately one month later, Mijero filed a motion to intervene in the action. Mijero made this request "in order to submit a Motion to Vacate Judicial Sale," attaching a copy of that document, and, concomitantly, filing the additional motion.

{¶ 11} In its motion to vacate, Mijero sought to rescind its purchase "on the grounds that there was a mistake regarding the identity of the property." Mijero asserted that its agent had inspected the property prior to the sale and "believed that two connected buildings were one building and that all 39 rental suites within the two connected buildings were included in the sale." Mijero claimed that its agent "had no intention to bid on a building with 20 suites."

{¶ 12} Mijero attached to this motion the affidavit of Michael Zemba, its agent. Zemba acknowledged that he was the successful bidder on Mijero's behalf for the property located at 15119 Lake Avenue, Lakewood, Ohio, and further stated only that the "facts in the attached Motion to Vacate Judicial Sale and supporting brief [were] true to the best of [his] knowledge and belief."

{¶ 13} The bank responded to Mijero's motion to vacate with a brief in opposition, combined with a motion for a contempt hearing pursuant to R.C. 2329.30.[2] The bank argued that Mijero provided no adequate basis to vacate the order of sale, since by its own admission, the "mistake" occurred as a result of its own lack of "due diligence." The bank requested the trial court to conduct a hearing for Mijero to "explain why it should not be held in contempt."

{¶ 14} On April 22, 2008, the trial court issued an order that granted Mijero's motion to intervene in the action but denied Mijero's motion to vacate the judicial sale of the property. The same journal entry also scheduled a hearing to be held on June 19, 2008, on the bank's contempt motion.

{¶ 15} On June 20, 2008, the trial court issued the following order:

{¶ 16} "Motion for contempt is denied; PT/SC held; the court finds there was no meeting of the minds on the number of units to be sold. The buyer has agreed to pay the costs of the sale; all other monies ($10,000 deposit, less costs of sale) are ordered to be returned by the sheriff to the buyer Mijero, Inc. * * * Sale is vacated, decree of confirmation is vacated, sheriff is ordered to return the

---

2. This statute provides: "The court from which an * * * order of sale issues, upon notice and motion of * * * an interested party, *shall* punish as for contempt any purchaser of real property who fails to pay the purchase money therefor." (Emphasis added.)

order of sale unexecuted and the clerk is immediately ordered to issue an alias order of sale without re-appraisal."

{¶ 17} The bank filed its notice of appeal from the foregoing order. It presents two assignments of error for review, as follows:

I.   The trial court's June 20, 2008 *Sua Sponte* decision vacating the judicial sale of the property to Mijero, Inc. was void as the trial court did not have jurisdiction to enter such order.

II.   The trial court erred in denying Appellant's motion for contempt pursuant to R.C. 2329.30.

{¶ 18} The bank first argues that once the trial court denied Mijero's motion to vacate the order of sale on April 22, 2008, the court lacked authority to revisit that decision.   This court agrees.

{¶ 19} R.C. 2329.27 provides the statutory authority for a judicial sale of property taken in execution of a judgment and states that if the court "enters its order confirming the sale * * *, the order shall have *both of the following effects*:

{¶ 20} "(a) The order shall be deemed to constitute a judicial finding * * *:

{¶ 21} "(i) That the sale * * * complied with * * * written notice requirements of division (A)(1)(a) of section 2329.26 * * *;

{¶ 22} "(ii) That all parties entitled to notice under division (A)(1)(a) of section 2329.26 * * * received adequate notice of the date, time, and place of the sale * * *.

{¶ 23} "(b) The order bars the filing of any further motions to set aside the sale * * *."   (Emphasis added.)

{¶ 24} The statute, therefore, provides that an order confirming the sale, although a phase of the entire foreclosure action, is itself a final, appealable order.   *Triple F Invests., Inc. v. Pacific Fin. Servs., Inc.* (June 2, 2001), Portage App. No. 2000–P–0090, 2001 WL 589343.   "Once an order of sale and decree of foreclosure is filed, a creditor may file a praecipe for an order directing the sheriff to sell the property.   This second phase of the proceedings is viewed as a separate and distinct action seeking enforcement of an order of sale and decree of foreclosure.   [Citation omitted.]   The appraisal of the foreclosed property, the sheriff's sale, and the confirmation of that sale [all] have been described as special proceedings to enforce an order of sale and decree of foreclosure."   Id.

{¶ 25} In making this separate decision to confirm the sheriff's sale of the property, the trial court must "determine that all the requirements of the Revised Code have been met."   *Smith v. Najjar,* 163 Ohio App.3d 208, 2005-Ohio-4720, 837 N.E.2d 419, ¶ 10.   As the court noted, "The distinction is not merely academic, but has important procedural implications.   An order of foreclosure

and sale is a final appealable order, * * * and the *later order confirming the sale* * * * *is a second, separate, final appealable order.*" Id. at ¶ 11; cf. *Gaul v. Leeper* (July 15, 1993), Cuyahoga App. No. 63222, 1993 WL 266818.

{¶ 26} An order of confirmation thus becomes "dispositive as to *the propriety of the sale* and the sale confirmation procedures *unless properly vacated by the trial court pursuant to Civ.R. 60(B).*" (Emphasis added.) *Triple F Invests.*, supra. This court too has determined that a trial court may review an order confirming a sheriff's sale only if its jurisdiction is invoked by means of Civ.R. 60(B). *Rokakis v. Snipes* (Mar. 4, 1999), Cuyahoga App. No. 73938, 1999 WL 126943.

{¶ 27} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief on one of the grounds set forth in Civ.R. 60(B)(1) through (5), and (3) the motion is timely. *Kest v. Leasor,* Lucas App. No. L–06–1200, 2007-Ohio-1871, 2007 WL 1165429, ¶ 19, citing *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. A trial court does not abuse its discretion in denying the motion if one of the requirements is not met. *Rose Chevrolet v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564.

{¶ 28} Mijero's motion failed all three requirements. The sheriff's notice contained the measurements of the property as described in the deed filed in the county recorder's office. The file of this case, also a public record, contained the property's permanent parcel number along with documents that indicated the property consisted of a 20–unit apartment building. Mijero's agent admitted that he had inspected the property prior to submitting the bid and that no one made any false representations as to its size.

{¶ 29} Therefore, Mijero presented no evidence of a mutual "mistake," or "excusable neglect," and did not present a valid defense against the requirement that it proceed with its purchase. *Fed. Home Loan Mtge. Corp. v. Langdon,* Hocking App. No. 07AP12, 2008-Ohio-776, 2008 WL 501599; *Commercial Natl. Bank v. Zeis* (Oct. 13, 1987), Seneca App. No. 13–86–3, 1987 WL 18219; *Schneider v. Schneider* (1982), 8 Ohio App.3d 134, 8 OBR 190, 456 N.E.2d 509; cf. *Soc. Natl. Bank v. Wolff* (Apr. 26, 1991), Sandusky App. No. S–90–13, 1991 WL 64865. Mijero also neglected to explain why it waited a month to file its motion to vacate the sale.

{¶ 30} In any event, although the trial court provided no analysis for its denial of Mijero's motion to vacate the order of sale in its April 22, 2008 judgment entry, that entry constituted a final order. *Kest v. Leasor,* 2007-Ohio-1871, 2007 WL 1165429; cf. *Culkar v. Fanter* (Dec. 27, 1984), Cuyahoga App. No. 48151,

1984 WL 6394. This court recently observed that "[a]s a general rule, a trial court has no authority to vacate or modify its final orders sua sponte." *N. Shore Auto Financing v. Valentine*, Cuyahoga App. No. 90686, 2008-Ohio-4611, 2008 WL 4183327, ¶ 12.

{¶ 31} Consequently, the bank's first assignment of error is sustained.

{¶ 32} The bank further argues that the trial court abused its discretion in denying the motion for a contempt citation against Mijero. This argument also has merit.

{¶ 33} The record of this case reflects that once it ruled on Mijero's Civ.R. 60(B) motion, the trial court simply set the case for a hearing on the bank's R.C. 2329.30 motion. A contempt hearing is not, as Mijero suggests, a "claim" but a collateral proceeding. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 9 O.O.3d 88, 378 N.E.2d 162.

{¶ 34} The bank brought its motion pursuant to the statute. Since R.C. 2329.30 states that the trial court "shall" punish the purchaser "as for contempt" for failing to pay, the trial court was mandated to consider the matter; this, however, did not grant the trial court license to act as its own appellate court. *Triple F Invests.*

{¶ 35} No transcript of the hearing on the bank's R.C. 2329.30 motion is included in the record on appeal. Ordinarily, the lack of a transcript precludes appellate review of the propriety of the trial court's action. Id. In this case, however, in view of the fact that the trial court lacked jurisdiction to reconsider its final order of April 22, 2008, and, indeed, lacked any justification for its order, its decision to deny the bank's motion at the hearing held on that motion necessarily constitutes an abuse of its discretion. *Hopkins v. Oliphant* (1917), 27 Ohio Decisions 643, 1917 WL 1792.

{¶ 36} Accordingly, the bank's second assignment of error also is sustained.

{¶ 37} The order from which the bank appeals is reversed in its entirety, and this case is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

COONEY, A.J., and JONES, J., concur.