[Cite as *Aurora Loan Servs., LLC v. Phillips*, 2011-Ohio-2954.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| AURORA LOAN SERVICES, LLC | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 10-CA-000021 |
| SUZANNA PHILLIPS AND | : |  |
| CHARLES PHILLIPS | : |  |
|  | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING:        Civil appeal from the Knox County Court of
                                Common Pleas, Case No. 08FR11-0677

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         June 16, 2011

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellants

KRISTI L. PALLEN                        GRACE DOBERDRUK
P.O. Box 968                            JAMES R. DOUGLASS
2450 Edison Blvd.                       20521 Chagrin Blvd., Ste. D
Twinsburg OH 44087                      Shaker Heights, OH  44122

                                        MARC E. DANN
                                        20521 Chagrin Blvd.
                                        Shaker Heights, OH  44122

*Gwin, P.J.*

{¶1} Defendants-appellants Suzanna and Charles D. Phillips appeal a judgment of the Court of Common Pleas of Knox County, Ohio, which confirmed the foreclosure sale of their home and ordered distribution of the proceeds. Appellants assign as error:

{¶2} "I. THE TRIAL COURT ERRED WHEN IT REFUSED TO VACATE THE JUDGMENT AS VOID AB INITIO BECAUSE AURORA LOAN SERVICES, LLC NEVER HAD STANDING TO FORECLOSE."

{¶3} It appears from the record appellants' original lender was Lehman Brothers Bank, FSB. Appellants gave Lehman Brothers an adjustable rate promissory note, and signed a mortgage in favor of Mortgage Electronic Registration Systems (MERS) as nominee for Lehman Brothers Bank. Subsequently, MERS assigned the mortgage to appellee.

{¶4} Appellants defaulted on the note and mortgage, and appellee Aurora Loan Services, LLC filed a complaint to foreclose on appellants' property on November 17, 2008. Appellee alleged it was the holder of the note and mortgage.

{¶5} Appellants did not file an answer, until fourteen months after the filing of the complaint, when they filed a pro se motion for leave to plead. The court overruled the motion but nevertheless appellants filed their answer. The trial court sustained appellee's motion to strike, and subsequently granted a default judgment against appellants on May 28, 2010.

{¶6} On September 16, the day before the scheduled sheriff's sale, appellants filed an emergency motion to stay the sale, to vacate the judgment of foreclosure as

void ad initio, and to dismiss for lack of standing. The trial court overruled the motions, and the sale proceeded. The court's order confirming the sale was journalized on October 27, 2010. Appellants then filed a motion to vacate the confirmation of the sheriff's sale on November 4, 2010. Before the court ruled on the motion, appellants filed a notice of appeal from the court's judgment entry confirming the sale and ordering distribution. The motion to vacate remains pending.

{¶7} Appellants argue the court erred in overruling their motion to vacate the judgment as void ab initio. Appellants argue appellee had no standing to bring the foreclosure action, and thus the complaint did not invoke the trial court's subject matter jurisdiction.

{¶8} Courts have drawn a clear distinction between subject matter jurisdiction and standing. Subject matter jurisdiction refers to the statutory and/or constitutional power to adjudicate a case. *Pratts v. Hurley,* 102 Ohio St.3d 81, 2004–Ohio–1980, paragraph 11. A jurisdictional defect cannot be waived. *Painesville v. Lake County Budget Commission* (1978), 56 Ohio St.2d 282, 383 N.E.2d 896. Lack of jurisdiction can be raised at any time, even for the first time on appeal. See *In re: Byard* (1996), 74 Ohio St.3d 294, 296, 658 N.E.2d 735, 737. This is because jurisdiction is a condition precedent to the court's ability to hear the case.

{¶9} A judgment entered by a court that lacks subject matter jurisdiction is void ab initio *Patton v. Diemer* (1988), 35 O.St.3d 68, 518 N.E.2d 941. The authority to vacate a void judgment does not arise from Civ.R. 60 (B), but is an inherent common law power. *Patton* syllabus paragraph 4 by the court, citing *Lincoln Tavern v. Snader*

(1956),  and *Westmoreland v. Valley Homes Corp.* (1975), 42 Ohio St.2d 291, 294, 71 O.O.2d 262, 264, .

{¶10}  By contrast, Civ. R. 17(A) provides in part:

{¶11}  "Every action shall be prosecuted in the name of the real party in interest. * * * No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

{¶12}  A real party in interest is "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefitted or injured by the outcome of the case." *Shealy v. Campbell* (1985), 20 Ohio St.3d 23, 24-25, 485 N.E.2d 701.

{¶13}  If a claim is asserted by one who is not the real party in interest, then the party lacks standing to prosecute the action, but the court is not deprived of subject matter jurisdiction. See *State ex rel. Tubbs Jones v. Suster* (1998), 84 Ohio St.3d 70, 701 N.E.2d 1002, citing *State ex rel. Smith v. Smith* (1996), 75 Ohio St.3d 418, 420, 662 N.E.2d 366, 369; and *State ex rel. LTV Steel Co. v. Gwin* (1992), 64 Ohio St.3d 245, 251, 594 N.E.2d 616, 621.

{¶14}  Because compliance with Civ. R. 17 is not necessary to invoke the jurisdiction of the court, the failure to name the real party in interest is an objection or defense to a claim which is waived if not timely asserted. *Suster,* supra.

**{¶15}** The trial court overruled appellants' motion to vacate the judgment of foreclosure as void ab initio on September 17, 2010 and appellants did not appeal. An order of foreclosure and sale is a final appealable order, and the subsequent order confirming the sale is second, separate, final appealable order. *Sky Bank v. Mamone,* 182 Ohio App. 3d 323, 2009-Ohio-2265, 912 N.E. 2d 668, at paragraph 25, citations deleted.

**{¶16}** Because the judgment of foreclosure was a final appealable order, the entry overruling the motion to vacate the judgment was also final and appealable. *Riley v. Cleveland Television Network,* Cuyahoga App. No. 83752, 2004-Ohio-3299.

**{¶17}** Appellants' notice of appeal is taken from the judgment entry confirming the sale. Issues concerning the foreclosure process and decree may not be raised in an appeal from an order which confirms the sheriff's sale. *Federal Home Mortgage Corporation v. McDaniel* (August 2, 1995), 9th District No. 17142.

**{¶18}** The decision to confirm or set aside a judicial sale is left to the sound discretion of the trial court. *National Union Fire Insurance Company v. Hall,* Montgomery App. No. 19331, 2003-Ohio-462, at paragraph 12. A trial court's task in determining whether to confirm a sheriff's sale is to review the sale and ensure it was conducted in accord with R.C. 2329.01 through R.C. 2329.61. *Mamone,* supra. Appellants set forth no arguments that the court abused its discretion in confirming the sheriff's sale, and do not allege any irregularity in the procedure.

**{¶19}** Finally, this court has held if the subject property has been sold, any appeal is moot. See, e.g., *Bank One N.A v. Lent,* Guernsey App. No. 06CA000008, 2007-Ohio-1753.

**{¶20}** The assignment of error is overruled.

**{¶21}** For the foregoing reasons, the judgment of the Court of Common Pleas of

Knox County, Ohio, is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 0524

[Cite as *Aurora Loan Servs., LLC v. Phillips*, 2011-Ohio-2954.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AURORA LOAN SERVICES, LLC | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| SUZANNA PHILLIPS AND | : | |
| CHARLES PHILLIPS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10-CA-000021 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is affirmed. Costs to appellants.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS