[Cite as *Goering v. Schille*, 2012-Ohio-3330.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT A. GOERING, HAMILTON COUNTY TREASURER | : | APPEAL NOS. C-110525 C-110604 |
| Plaintiff, | : | TRIAL NO. A-0608997 |
| and | : | *O P I N I O N.* |
| EQUITY TRUST COMPANY, | : | |
| Intervenor-Appellant, | : | |
| vs. | : | |
| HAROLD F. SCHILLE, | : | |
| Defendant, | : | |
| and | : | |
| THOMAS MCCARREN, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeals Dismissed

Date of Judgment Entry on Appeal:  July 25, 2012

*Michael A. Kennedy*, for Intervenor-Appellant,

*Taliafrerro and Eynon, LLC*, and *Earnest A. Eynon*, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}    Intervenor-appellant Equity Trust Company ("ETC") appeals the three judgments by the trial court, all of which essentially vacate a decree of confirmation of a sale of real estate at a sheriff's sale.   Because we determine that we do not have jurisdiction to hear these appeals, we dismiss them.

{¶2}    Plaintiff Robert A. Goering, the Hamilton County Treasurer, filed a complaint for foreclosure on the property of defendant-appellee Thomas McCarren for delinquent real estate taxes.   After proper notice was given to all parties, the property was sold at a sheriff's sale to ETC.   The sale was then confirmed by the magistrate assigned to the foreclosure case.   The next day, the trial court adopted the magistrate's decree of confirmation.   McCarren filed a motion to vacate the confirmation, which the magistrate denied.   McCarren filed objections to this decision.   The trial court vacated the decree of confirmation in an order entered on July 29, 2011, ("the July entry"), but in that same order the court also set the matter for a hearing to determine whether the decree of confirmation should actually be vacated.

{¶3}    Following that hearing, on August 18, 2011, ("the August entry") the trial court sustained McCarren's objections to the magistrate's decision denying the motion to vacate, and the trial court vacated the confirmation decree. In the August entry, the trial court also determined the amount of real estate taxes and court costs McCarren would have to pay to redeem his property, but indicated that if McCarren failed to redeem his property, then ETC would be entitled to a "reinstatement of the confirmation of the sheriff's sale held herein" and McCarren's right of redemption would be terminated.

{¶4} In September 2011, the trial court entered another judgment on the record determining that the July entry and the August entry were final, appealable orders ("the September entry").

{¶5} ETC timely appealed from the July and August entries in the appeal numbered C-110525, and the September entry in the appeal numbered C-110604, essentially arguing under two assignments of error, that once the sale of real estate at a sheriff's sale had been confirmed, the trial court had lost jurisdiction over the foreclosure case and thus, did not have jurisdiction to vacate the confirmation of the sheriff's sale. Unfortunately, we do not reach this issue because we have determined that we lack jurisdiction over these appeals. Therefore, we sua sponte dismiss both appeals.

{¶6} Before this court can exercise jurisdiction over an appeal, an order of a lower court must be a final, appealable order and meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989). If the order being challenged is not final, then the court must dismiss the appeal. *See General Acc. Ins. Co. v. Ins. Co. of N. America,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). R.C. 2505.02(B)(1) and (3), respectively, define, in relevant part, a "final order" as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment" or an order that "vacates * * * a judgment."

### The July Entry

{¶7} The July entry neither prevented a judgment for either party nor definitively vacated a judgment. Although the trial court vacated the decree of confirmation in this entry, it also set the matter for a further hearing to consider McCarren's objections to determine whether the sheriff's sale should be

confirmed. The scheduling of a further hearing on the matter made the July entry interlocutory in nature and essentially had the effect of staying the decree of confirmation until the trial court could hold a hearing on whether the confirmation of the sheriff's sale was appropriate. Accordingly, it was unclear until after the hearing, whether McCarren's objections would be sustained and the decree of confirmation would be vacated. Thus, this entry did not prevent a judgment in favor of ETC or McCarren. Therefore, we hold that the July entry was not a final, appealable order.

### The August Entry

{¶8} Analyzing this entry under R.C. 2505.02(B)(1) and (3), we also hold that the August entry was not a final, appealable order because it did not determine the action and prevent a judgment or definitively vacate a judgment. Instead, the August entry provided contingencies so that either party may have "won" depending on the other party's future actions. Although the trial court had indicated that it was vacating the decree of confirmation, it then went on to allow for the decree's reinstatement if McCarren failed to pay his delinquent real estate taxes and court costs. But, to complicate matters, it was unclear in the August entry by what date McCarren had to pay his delinquent taxes before ETC was entitled to a reinstatement of the confirmation decree. If the trial court had simply ended its judgment entry after vacating the decree of confirmation, that would have constituted a final, appealable order under R.C. 2505.02(B)(1) and (3). *See Sky Bank v. Mamone*, 182 Ohio App.3d 323, 2009-Ohio-2265, 912 N.E.2d 668, ¶ 25 (8th Dist.). But instead the trial court made its order contingent on whether McCarren redeemed his property at some time in the future. And if McCarren did not do this, it provided for the reinstatement of the decree

4

confirming the sheriff's sale to ETC. Accordingly, these contingencies do not prevent a judgment in favor of either party, and the August entry did not constitute a final, appealable order. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 20 (a judgment that leaves unresolved issues and contemplates further action is not a final, appealable order).

### The September Entry

{¶9} The September entry indicating that the July and August entries were final orders is not a final appealable order. Simply stating that an order is final and appealable does not make it so. R.C. 2505.02(B) controls to determine when an order is final and appealable. As we have noted above, the August and July entries did not satisfy the statutory requirements.

{¶10} Accordingly, because none of the three entries were final and appealable, we hereby dismiss the appeals.

Appeals dismissed.

**CUNNINGHAM** and **DINKELACKER, JJ.**, concur.

Please note:

The court has recorded its own entry this date.