[Cite as *PNMAC Mtge. Co., L.L.C. v. Sivula*, 2012-Ohio-4939.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98082**

## PNMAC MORTGAGE CO., LLC

PLAINTIFF-APPELLANT

vs.

## MICHAEL SIVULA, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-755212

**BEFORE:** Kilbane, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 25, 2012

**ATTORNEY FOR APPELLANT**

Dennis Reimer
Reimer, Arnovitz, Chernek, Jeffrey Co., L.P.A.
2450 Edison Boulevard
P.O. Box 968
Twinsburg, Ohio 44087

**APPELLEE**

Michael Sivula, Pro Se
11465 Glenmora Drive
Chardon, Ohio 44024

MARY EILEEN KILBANE, J.:

{¶1} Appellant PNMAC Mortgage Co., LLC ("PNMAC Mortgage") appeals from the order of the trial court that denied its motion to amend the bid that PNMAC Loan Trust 2011-NPL1, c/o PennyMac Loan Services ("PennyMac Loan"), submitted in a sheriff's sale of foreclosed property and to confirm the sale in the name of appellant. The sale was confirmed in the name of PennyMac Loan prior to the filing of the motion to amend, and therefore, we conclude that the trial court properly denied the motion to amend, stayed the confirmation of sale, and notified the appellant that its remedy is to file a motion to vacate the sheriff's sale and the decree of confirmation. For the reasons set forth below, we affirm.

{¶2} On May 13, 2011, PNMAC Mortgage[1] filed a complaint for foreclosure against defendants Michael Sivula and Kelly Sivula, alleging that they breached the terms of their promissory note and mortgage on a parcel located at 5308 East 135th Street, Garfield Heights, Ohio.

{¶3} The defendants failed to appear in the action, and on November 4, 2011, the trial court entered a default judgment against them and granted a foreclosure on the

---

[1] The record demonstrates that PNMAC Mortgage is the assignee of the original lender, CitiMortgage, Inc.

premises. The trial court issued a notice of sheriff's sale, scheduled for January 9, 2012. On that date, PNMAC Mortgage filed an Assignment of Bid with the trial court, advising that it had conveyed to PennyMac Loan its "right, title and interest in and to its bid at the Sheriff['s] Sale or real estate held * * * in which it was the successful bidder." On January 19, 2012, the trial court issued a decree of confirmation that provided in part as follows:

> The court being satisfied of the legality of the sale and that the notice of sale was in all respects in conformity to law, approves and confirms the same and directs the sheriff to execute and deliver to [PennyMac Loan] * * * a good and sufficient deed thereof.

{¶4} On January 23, 2012, four days after the trial court confirmed the sale, PNMAC Mortgage filed a motion to stay confirmation of the sale and motion to correct the bidder's form in order to "amend the purchaser" of the property to PNMAC Mortgage, maintaining that PennyMac Loan, the "entity that was designated initially to take title is [not a Real Estate Trust] * * * under Ohio law and cannot take title." PNMAC Mortgage, in essence, sought to vacate its assignment of the bid to PennyMac Loan and substitute PNMAC Mortgage in its place.

{¶5} On February 13, 2012, the trial court stayed the confirmation of the sale, but denied the motion to have the sale confirmed in the name of PNMAC Mortgage. PNMAC Mortgage appealed on March 12, 2012. PNMAC then filed a motion for relief from the order overruling the amendment of the purchaser on May 30, 2012, and this court issued a temporary remand. The trial court denied the motion to vacate and issued an opinion setting forth its reasoning as follows:

When a mistake occurs at a sheriff's sale, the proper procedure for addressing the mistake is to vacate the sale and to correct for a new sheriff's sale. [Citations omitted].

* * *

Once a bid at sheriff's sale is successful, no further bids are accepted and the successful bidder must pay the amount due for the property to the sheriff. Ohio law remains silent on permitting any further assignments of bid or changing the purchaser at the sheriff's sale. In fact, after the bidding is closed, the purchaser is recorded, the bid is accepted, and no bid remains to be assigned. The Bidder becomes the successful purchaser and must pay for the property.

* * * This Court will not, therefore, pretend that another entity, other than the entity listed in the successful bidder's form, purchased the subject property.

* * *

It is irrelevant that the property was purchased by an entity that is not entitled to hold title to property. This situation is akin to having a minor child bid on property. [In that situation] the Court would not allow a change to another person's name after the sale. The proper procedure under Ohio law is to vacate the sale and order an alias sale.

**{¶6}** PNMAC Mortgage now appeals and assigns a single error for our review:

The court erred in denying Appellant's motion to correct bidder's form and

to have sale confirmed in the new bidder's name.

**{¶7}** PNMAC Mortage notes that PennyMac Loan is not a real estate trust or a

business trust, so it cannot take title to the property, and in general, the law favors the free

circulation of property. PNMAC Mortgage additionally asserts that the assignment of

the bid to PennyMac Loan is "improper, pursuant to the rules in the Sheriff's Office."

{¶8}   In this matter, we review for an abuse of discretion.  *Ohio Sav. Bank v. Ambrose*, 56 Ohio St.3d 53, 55, 563 N.E.2d 1388 (1990); *Fifth Third Mtge. Co. v. Rankin,* 4th Dist. No. 11CA8, 2012 Ohio 2806; *Advance Mtge. Corp. v. Johnson*, 3d Dist. No. 9-78-17,1979 Ohio App. LEXIS 10919 (June 19, 1979).

{¶9} Pursuant to R.C. 2329.271, certain information is required of a purchaser at execution sale.  Where the purchaser is a trust, contact information must be provided. *Id*.  Where the required purchaser information is clearly within the record, the trial court acts within its discretion in determining that the sale was made "in conformity to the law and orders of [the] Court," pursuant to R.C. 2329.31.  *Citimortgage, Inc. v. Haverkamp*, 12th Dist. No. CA2010-11-089, 2011-Ohio-2099.

{¶10}   If the trial court, after reviewing the foreclosure proceedings, concludes that the officers acted in accordance with the requirements of R.C. 2329.01 to 2329.61 inclusive, it shall confirm the sale.  R.C. 2329.31.  *See also Ohio Sav. Bank,* 56 Ohio St.3d 53, 563 N.E.2d 1388 (1990).   Similarly, where there has been an assignment of the bid, prior to confirmation of the sale, the trial court may, in its discretion, confirm the sale.  *See Huntington Natl. Bank v. Shanker*, 8th Dist. No. 78127, 2001 Ohio App. LEXIS 2191 (May 17, 2001).

{¶11} The confirmation of sheriff's sale is a special proceeding, however, and is a final appealable order under R.C. 2505.02(B)(2).  *JP Morgan Chase Bank v. Dewine*, 3d Dist. No. 8-08-20, 2009-Ohio-87, citing *Metro. Bank & Trust Co. v. Roth*, 9th Dist. No. 21174, 2003-Ohio-1138, at ¶ 12, and *Citizens L. & S. Co. v. Stone*, 1 Ohio App.2d 551,

552-553, 206 N.E.2d 17 (12th Dist.1965). Therefore, once the trial court confirms the sale, the "order of confirmation becomes dispositive as to the propriety of the sale and the sale confirmation procedures unless the trial court properly vacates the confirmation pursuant to Civ.R. 60(B)." *Sky Bank v. Mamone*, 182 Ohio App.3d 323, 2009-Ohio-2265, 912 N.E.2d 668, ¶ 26 (8th Dist.), citing *Triple F Invests., Inc. v. Pacific Fin. Servs., Inc*., 11th Dist. No. 2000-P-0090, 2001 Ohio App. LEXIS 2484 (June 1, 2001). *See also Fifth Third Mtge. Co. v. Rankin,* 4th Dist. No. 11CA18, 2012-Ohio-2804, ¶ 12; *Fed. Home Loan Mtge. Corp. v. Langdon*, 4th Dist. No. 07AP12, 2008-Ohio-776, ¶ 21-22; *Citimortgage* at ¶ 17. Following confirmation of the sale, therefore, the party seeking to vacate the confirmation must establish the requirements of Civ.R. 60(B) and present "evidence of a mutual 'mistake,' any 'excusable neglect,' [or] a valid defense against the requirement that it proceed with its purchase." *Sky Bank* at ¶ 29.

{¶12} In this matter, the sheriff's sale was scheduled for January 9, 2012, and on that date PNMAC Mortgage notified the court that it had assigned its bid to PennyMac Loan. On January 19, 2012, the trial court concluded that all required statutory procedures had been met and it issued a decree of confirmation ordering that the deed be delivered to PennyMac Loan. This was a final order. Four days after the sale was confirmed, on January 23, 2012, PNMAC Mortgage filed a motion to stay confirmation of the sale and motion to correct the bidder's form in order to "amend the purchaser" of the property. Following the confirmation, the bidding process was closed and the bid

could not be assigned. The bid had already been accepted, closed, and confirmed. In order to remedy defects, as aptly explained by the trial court, "the proper procedure for addressing the mistake is to vacate the sale and to correct for a new sheriff's sale." Therefore, the trial court acted within the proper exercise of its discretion when it denied the motion to amend the bid, stayed the confirmation, and advised the parties that the "proper procedure under Ohio law is to vacate the sale." Here, however, PNMAC Mortgage moved for relief from the order overruling the amendment of the purchaser, and did not move for relief from the order of confirmation that is PNMAC Mortgage's proper remedy. The assignment of error is therefore without merit.

{¶13} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR