[Cite as *Huntington Natl. Bank v. Cade*, 2018-Ohio-4701.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106997**

**THE HUNTINGTON NATIONAL BANK**

PLAINTIFF-APPELLEE

vs.

**JAMES A. CADE, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-09-704010

**BEFORE:** Kilbane, P.J., E.T. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 21, 2018

**ATTORNEY FOR APPELLANTS**

Gary Cook
23880 Commerce Park Drive, Suite 2
Beachwood, Ohio 44122

**Also Listed**

**For Creedside Reserve**

Darcy Mehling Good
Kimberly L. Strauss
Kaman & Cusimano, L.L.C.
50 Public Square, Suite 2000
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

**For Sheriff Pinkney**

Michael C. O'Malley
Cuyahoga County Prosecutor
Hannah F.G. Singerman
Assistant County Prosecutor
310 W. Lakeside Avenue, Suite 300
Cleveland, Ohio 44113

**For Huntington National Bank**

Benjamin N. Hoen
Weltman Weinberg & Reis Co.
323 W. Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

MARY EILEEN KILBANE, P.J.:

{¶1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Defendants-appellants, James A. Cade ("Cade") and his wife Ann Munro (collectively referred to as "defendants"), appeal from the trial court's judgment finding Cade in contempt for failing to pay the balance of the purchase price of his home, which he successfully bid on during the Cuyahoga County Sheriff's Sale. For the reasons set forth below, we affirm.

{¶3} This appeal stems from the foreclosure proceedings Huntington National Bank ("Huntington") initiated against the defendants in September 2009. The trial court found in favor of Huntington and granted a foreclosure on the defendants' property. Defendants appealed the foreclosure decree in *Huntington Natl. Bank v. Cade*, 8th Dist. Cuyahoga No. 103674, 2016-Ohio-4705. On appeal, this court affirmed the trial court's judgment finding that Huntington produced sufficient evidence of its right to enforce the note; defendants supplied no rebuttal evidence in response, by affidavit or as otherwise provided by Civ.R. 56, that would have contradicted the information supplied in a Huntington employee's affidavit; defendants failed to file objections to the magistrate's decision and therefore waived any errors; and even if the claims were properly presented, the trial court properly granted summary judgment in favor of the bank. *Id.* at ¶ 14-15.

{¶4} Following our decision, the subject property was sold at a sheriff's sale on October 16, 2017. Cade was the successful bidder in the amount of $151,000. Cade paid the required initial deposit of $5,000 at that time. On November 7, 2017, the trial court issued a decree confirming the sale. On November 15, 2017, after the confirmation of sale, Lydris Management, a nonparty, submitted a motion for extension of time to submit payment on the

remaining balance owed by Cade. The motion was stricken by the court on November 28, 2017. The court stated that

> [t]he motion for enlargement of time to submit payment is stricken, having been filed by a non-party to this case. A review of the motion reveals that "Lydris Management" filed the motion. A review of the report of sale reveals, however, that the purchaser of the property was defendant [Cade], while "Lydris Management" was the name of the entity into which the purchaser wanted title transferred. The court may entertain a renewed motion for enlargement of time to submit payment either filed by a case party or accompanied by a separate motion to intervene, if filed by a non-party to this case.

{¶5} On January 8, 2018, which was 24 days past the 30-day time limit Cade had to pay the remaining balance on the property, the sheriff's office filed a motion in contempt. On January 11, 2018, Cade filed a motion to substitute successful bidder at sheriff's sale, contending that he had arranged financing to purchase the property. He sought to assign the bid to two individuals. The trial court denied this motion on March 20, 2018.

{¶6} After an unsuccessful attempt to resolve the matter, the contempt hearing was held on March 8, 2018. Cade and the sheriff's office were at the hearing. The court found Cade in contempt and ordered that the October 16, 2017 sheriff's sale and corresponding decree of confirmation be vacated.

{¶7} Defendants now appeal, raising the following single assignment of error for review.

<u>Assignment of Error</u>

> The trial court erred to the prejudice of [defendants] by denying their motion to substitute successful bidder at Sheriff's sale thereby holding that the trial court had no authority to substitute a successful bidder via an assignment of the bid at Sheriff's sale resulting in an erroneous contempt of court finding against [Cade].

{¶8} Defendants argue that Cade did not fail to pay the balance of the purchase, but instead assigned the winning bid to other individuals, who arranged financing to purchase the

subject property.[1]  As a result, defendants contend that the trial court erred when it denied their motion to substitute successful bidder at the sheriff's sale and found Cade in contempt of court.

**{¶9}**    This court has previously found that an assignment is not proper postconfirmation of the sale because the confirmation of the sheriff's sale is a special proceeding and is a final appealable order under R.C. 2505.02(B)(2).[2]  *PNMAC Mtge. Co., L.L.C. v. Sivula*, 8th Dist. Cuyahoga No. 98082, 2012-Ohio-4939, ¶ 11, citing *JP Morgan Chase Bank v. Dewine*, 3d Dist. Logan No. 8-08-20, 2009-Ohio-87, citing *Metro. Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003-Ohio-1138, and *Citizens L. & S. Co. v. Stone*, 1 Ohio App.2d 551, 552-553, 206 N.E.2d 17 (12th Dist.1965).  Once the trial court confirms the sale, the "'order of confirmation becomes dispositive as to the propriety of the sale and the sale confirmation procedures unless the trial court properly vacates the confirmation pursuant to Civ.R. 60(B).'"  *Id.*, quoting *Sky Bank v. Mamone*, 182 Ohio App.3d 323, 2009-Ohio-2265, 912 N.E.2d 668, ¶ 26 (8th Dist.), citing *Triple F Invests., Inc. v. Pacific Fin. Servs., Inc.*, 11th Dist. Portage No. 2000-P-0090, 2001 Ohio App. LEXIS 2484 (June 1, 2001).

**{¶10}** In the instant case, defendants' motion to assign or substitute a new bidder was filed two months after the trial court had already issued the decree of confirmation of the sale. This decree was a final order, and the bid had been accepted, closed, and confirmed.  Because the bidding process was closed and the bid was confirmed, the bid could no longer be assigned. In addition, a review of the record reveals that defendants did not move to vacate the

---

[1] We note that the sheriff's office was not initially served with this appeal and moved to dismiss, or in the alternative, leave to respond.   We denied the motion to dismiss, and granted the sheriff time to file its answer brief.

[2] This court has also found that when there has been an assignment of the bid, prior to confirmation of the sale, the trial court may, in its discretion, confirm the sale.  *PNMAC* at ¶ 10, citing *Huntington Natl. Bank v. Shanker*, 8th Dist. Cuyahoga No. 78127, 2001 Ohio App. LEXIS 2191 (May 17, 2001).

confirmation under Civ.R. 60(B). Therefore, defendants could not assign the bidder postconfirmation of the sale. *PNMAC* at ¶ 11.

**{¶11}** Moreover, under R.C. 2329.30, the trial court may issue a contempt order if the purchaser fails to timely pay the remainder of the balance after the sheriff's sale. Here, Cade had successfully bid on his home on October 16, 2017, and as of the date of the contempt hearing in March 2018, he still had not paid the remainder of the balance.

**{¶12}** Based on the foregoing, we do not find that the trial court erred when it denied defendants' motion to substitute successful bidder at sheriff's sale and found Cade in contempt of court.

**{¶13}** The sole assignment of error is overruled.

**{¶14}** Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR